[Crim. No. 997.   Second Appellate District, Division One.—August 25, 1923.]

## THE PEOPLE, Respondent, v. HERMAN DeVAUGHN, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—TAKING PROPERTY FROM PERSON OF ANOTHER—POSSESSION—EVIDENCE.—In order that grand larceny may be committed in the taking of property from the person of another, there must be evidence to support the conclusion that at the time the property was taken it was actually upon or attached to the person, by his clothing or otherwise, or that it was in some manner in his actual physical possession.

[2] ID.—PHYSICAL POSSESSION OF PROPERTY BY OWNER—CIRCUMSTANTIAL EVIDENCE.—The physical possession of property by one from whom such property is alleged to have been taken may be established by circumstantial evidence, as well as by direct evidence.

[3] ID. — LOSS OF POCKETBOOK — POSSESSION BY DEFENDANT—CORPUS DELICTI—EVIDENCE.—In this prosecution for grand larceny, the evidence was sufficient to establish the *corpus delicti*—that is, the evidence was sufficient to show that the loss by the prosecuting

---

2.   Proof of *corpus delicti* by circumstantial evidence in prosecution for larceny, note, 16 Ann. Cas. 1214.

63 Cal. App.—33

witness of his pocketbook and the possession thereof by defendant occurred through the latter taking it from the pocket of the prosecuting witness and placing it in his (defendant's) pocket.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Morgan Marmaduke for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was found guilty on a charge of grand larceny in taking personal property from the person of one Lindbloom. He has appealed from the judgment, as well as from the order of the court denying his motion for a new trial.

The evidence shows that the prosecuting witness, Lindbloom, was employed as a car-repairer in the yards of the Union Pacific Company in the city of Los Angeles; that on the fifth day of December, 1922, he finished his work at about 4 o'clock in the afternoon, when he started for a street-car to take him to his home; that before he got on the car he took his pocketbook from his pocket, from which he removed his street-car fare, and immediately replaced the pocketbook in his trousers pocket; that he did not thereafter see the pocketbook until after the defendant herein was arrested. When Lindbloom left his place of employment he boarded an East Fourth Street car, paid his fare with the money which he had theretofore taken from his pocketbook, obtained a transfer, got off the East Fourth Street car at the corner of Third Street and Main Street and transferred to a Brooklyn Avenue street-car; that instead of giving the conductor of the latter car a cash fare he gave him the transfer slip which he had obtained from the conductor of the car which he had first boarded. The evidence further shows that at the time Lindbloom boarded the Brooklyn Avenue street-car defendant was riding thereon as a passenger, and that defendant had neither come in contact with, nor had been in the

presence of, Lindbloom until after Lindbloom transferred from the East Fourth Street car to the Brooklyn Avenue street-car, and that thereafter defendant remained on the Brooklyn Avenue street-car only for a period of time covered by the street-car in running between Third Street and Second Street—a distance of one block. Two Los Angeles city detectives had had defendant under close personal observation for a considerable space of time, including all the time that defendant was a passenger on the Brooklyn Avenue street-car, which was for a distance of about twenty blocks. From the testimony of the detectives it appears that defendant got on the rear of the street-car and stood by the controller, where he remained at all times that he was on the street-car, and at each point where the street-car stopped to take on passengers, as the passengers would pass by defendant, he would crowd them—the manner of the crowding being illustrated to the court and jury by witness in conjunction with another person. Defendant wore a light overcoat which had in it a slit about five inches long on the inside of the outside pocket, in which pocket defendant kept his hand. As Lindbloom entered the Brooklyn Avenue street-car and went past defendant, defendant crowded Lindbloom as he had theretofore crowded other passengers, after which he immediately put his hand in his small coat pocket and alighted from the street-car at the next street corner. Just as defendant alighted from the street-car he was arrested by the two detectives, one of whom immediately took from defendant's said outside coat pocket the pocketbook belonging to Lindbloom and which Lindbloom had placed in his trousers pocket within a few minutes before boarding the East Fourth Street car heretofore mentioned.

The only point upon which appellant relies is that he contends that the *corpus delicti* of the offense charged was not proven—in other words, that the evidence did not show that the loss by Lindbloom of his pocketbook and the possession thereof by defendant occurred through any criminal means.

[1] In order that grand larceny may be committed in the taking of property from the person of another, there must be evidence to support the conclusion that at the time the property was taken it was actually upon or at-

tached to the person, by his clothing or otherwise, or that it was in some manner in his actual physical possession. (*People* v. *McElroy,* 116 Cal. 586 [48 Pac. 718].) **[2]** Although Lindbloom did not know positively that his pocketbook was in his pocket at the time he came in contact with defendant, still there is no reason why that fact could not be established by circumstantial evidence, as well as by direct evidence. In view of the evidence, and especially that part thereof which shows that at the time in question defendant wore an overcoat with a slit in the outside pocket conveniently arranged so that, while apparently defendant had his hand in his own overcoat pocket, he could easily protrude it through the slit and while his hand was covered by the outside of his own overcoat and thus screened from the view of any person, nevertheless he could easily insert his hand in Lindbloom's trousers pocket; that the street-car was full of passengers and defendant was seen to crowd against Lindbloom and immediately thereafter place his own hand in his own outside coat pocket, from which pocket the pocketbook belonging to Lindbloom was taken within a very short space of time—the inference is irresistible that the pocketbook was actually in Lindbloom's trousers pocket and that defendant abstracted it therefrom. So far as this court can reason, no other rational deduction can be made from the evidence in the case. Lindbloom did not use, nor attempt to use, his pocketbook after the time he took therefrom the carfare which he gave to the conductor of the street-car on the East Fourth Street car line. It is not claimed or even intimated that Lindbloom may have lost his pocketbook; nor is any suggestion made that someone gave the pocketbook to defendant, or that some person unknown to defendant placed it in his pocket; in fact, it would be but a mere surmise—the wildest sort of speculation resting upon no foundation whatsoever—to assume in the face of the evidence here even the possibility that anything of the kind happened. **[3]** Taking the facts of this case into consideration, it would be extremely difficult, if not wholly impossible, by anything like fair reasoning, to account for the pocketbook being in defendant's pocket within so short a time after the meeting of defendant with Lindbloom on any other assumption than that it was taken by defendant from Lindbloom's pocket and

placed in defendant's pocket by defendant himself. In the case of *People* v. *Carroll*, 20 Cal. App. 41 [128 Pac. 4], where the evidence against the defendant was not nearly so strong as is the evidence here against this defendant, the court held that there was no rational probability or reasonable possibility that the defendant obtained the purse of the prosecuting witness in any other manner than by his abstracting it from the pocket of the prosecuting witness. If one were to place one's automobile in a garage at night and the next morning were to discover that it was gone, in the absence of any other facts, it would be a fair inference that someone had entered the garage and taken it therefrom. So here, assuming that Lindbloom placed his pocketbook in his pocket and within a short time thereafter discovered that it was gone and in the possession of defendant, taken in connection with the many suspicious circumstances connecting defendant with the disappearance of the pocketbook, leaves no escape from the conclusion that defendant and no one else took the pocketbook from Lindbloom's possession. While the evidence does not amount to a demonstration, the direct and circumstantial evidence against the defendant is so clear and convincing as to leave no reasonable doubt as to his guilt.

The judgment and the order denying the motion for new trial are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 17, 1923, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 22, 1923.