## STATE v. O'DAY.

No. 5913.   Decided December 2, 1937.   (73 P. [2d] 965.)

*F. B. Hammond,* of Price, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

LARSON, Justice.

Defendant was convicted in the district court of Carbon county, of grand larceny and appeals. The information charged robbery, in that defendant by force and fear, through the use of a rifle and a revolver, took certain personal property from the person, possession, and immediate presence of Tom Overton. There is no allegation or proof of the value of the property taken, all of which was second-hand, except a $5 bill. But one question is raised on this appeal. The trial court gave to the jury instruction No. 5, wherein he defined both grand larceny and petit larceny, and added "You are further instructed that crimes of grand larceny and petit larceny are included offenses in the crime of robbery." The court then submitted to the jury the finding of one of three verdicts: Guilty of robbery, guilty of grand larceny, and not guilty. The question of guilt of petit larceny was not submitted to the jury. The appellant now contends that, since the court stated the offense of petit larceny was included in robbery, the court was duty bound to submit such possible verdict to the jury.

We have read the transcript from beginning to end. No request was made to submit to the jury the question of guilt of petit larceny, and no exception was taken to the failure of the court to submit to the jury a possible verdict of petit larceny.

After the instructions were read and the district attorney had made his opening argument, counsel for defendant said.

"I stand to be corrected or Mr. Adams [District Attorney] does. He stated in his argument that the jury may find the defendant guilty of petit larceny but I don't find that among the verdicts."

The court: "If this property was taken at all, it was taken from the person of the owner and that would be grand larceny, so there is no verdict. I so stated to the jury."

Counsel for defendant: "So we understand each other concerning that. There is no verdict possible here, under the instructions, of petit larceny." And counsel then went on with his argument. Defendant's only exception to the charge was to instruction No. 10, not assigned as error. After the verdict had been found, but before it was returned into court, counsel for defendant addressed the court as follows: "Now then, Your Honor, justice will be served, if your Honor will recall instruction number 5 from the jury, because it is undoubtedly confusing. It had Mr. Adams confused and me too. In the beginning he got the idea from instruction number 5, that the jury could bring in a verdict of petit larceny and I think he is right. Petit larceny is when the value of the property taken is less than $50.00. Grand larceny and petit larceny are included in the offense of robbery. I believe justice will be served best if Your Honor will recall that instruction and ask the jury to reconsider the verdict."

The court denied the request to withdraw instruction No. 5. No request for further or supplementary instructions was made. It is evident that defendant, at that time wanted to go to the jury on a verdict of guilty of robbery or not guilty; that he was objecting, not to the failure to submit a possible verdict of petit larceny, but to the submission of a possible verdict of grand larceny. It is evident he was not seeking to have more included offenses submitted, but to exclude all included offenses. Appellant, not having requested that the question of petit larceny be submitted, but having urged the court to exclude instructions as to either grand and petit larceny from the jury, and having made no exceptions to the failure to instruct as to petit larceny, and excepted only to the failure to withdraw from the consideration of the jury, and from the instruction, any reference to larceny, he cannot now complain or urge such situation as error.

We have read the transcript carefully, and, if any property was taken, it was taken from the person or immediate presence of complaining witness, so it could not be less than grand larceny or robbery. We find no reversible error in the record. The judgment is affirmed.

FOLLAND, C. J., and HANSON and MOFFAT, JJ., concur.

WOLFE, Justice (Concurring).

I concur. The case of *Mehr* v. *Child*, 90 Utah 348, 61 P. (2d) 624, is not controlling. In that case the instruction on which the case was reversed did not apply to any evidence introduced but was of such a special character as to mislead the jury into believing that there might be such evidence. In the instant case we have a mere general statement of law, true but not applicable to the evidence, but it could not in any case have misled the jury. A principle of law, abstract and general, included in the instructions, even though not applicable to the facts, which could not possibly have misled the jury, is not a cause for reversal. It must be treated as nonprejudicial surplusage. Defining the crime of petit larceny abstractly and abstractly informing the jury that it was included in the crime of robbery, could not prejudice the jury when no verdict could have, under the evidence, been brought in for petit larceny and they were prevented from being misled to bring it in because no verdict for it was submitted.