1 So.2d 317

## WILDER v. STATE.

### 6 Div. 712.

Court of Appeals of Alabama.

March 4, 1941.

Rehearing Denied March 25, 1941.

G. J. Prosch, of Birmingham, for appellant.

108

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellant prosecutes this appeal from a judgment of conviction of grand larceny upon an indictment charging him with the offense of larceny from the person. The property stolen was a purse and contents belonging to the prosecutrix. The aggregate value thereof was less than $25 and approximately as alleged in the indictment.

If the property was not stolen from the *person* of the prosecutrix, Mrs. Livingston, the conviction for grand larceny, under the specific allegations of the indictment, was unwarranted. Code 1923, Section 4905.

Mrs. Livingston was a spectator in the Galax Theatre in Birmingham. She was seated, holding her baby in her lap, and in the seat next adjoining hers, which was empty, she had reposited the baby's coat and upon it her purse. The thief, whom she identified as appellant, after making certain unusual movements, took a seat immediately behind her and "grabbed" her purse from the seat, where she had thus placed it, and hurried out of the building.

Appellant urges that upon this evidence he was not, as a matter of law, guilty of larceny from the person and that error intervened upon trial in the refusal of the court to so charge the jury as appropriately requested by appellant in his special written charges.

We are in accord with this insistence, and that this conclusion is supported by the overwhelming weight of authority cannot be consistently contradicted.

Unless the property stolen was actually on or attached to the person by his clothing or otherwise, or was in some manner in his actual *physical possession,* the offense of larceny from the person has not been committed. Corpus Juris (Vol. 36, p. 866, Sec. 422), in thus stating the law, pronounces it as laid down in the case of People v. McElroy, 116 Cal. 583, 48 P. 718, 719, where, after a review of the leading authorities, the question was thus disposed of by this statement: "In view of these authorities, and the origin of the statute, we think its obvious purpose was to protect persons and property against the approach of the pickpocket, the purse snatcher, the jewel abstracter, and other thieves of like character who obtain property by similar means, and that it was in contemplation that the property shall at the time be in some way actually upon or attached to the person, or carried or held in actual physical possession,—such as clothing, apparel, or ornaments, or property or things contained therein or attached thereto, or property held or carried in the hands, or by other means, upon the person; *that it was not intended to include property removed from the person and laid aside, however immediately it may be retained in the presence or constructive control or possession of the owner while so laid away from his person and out of his hands."* (Italics supplied.)

The same law is adhered to in People v. De Vaughn, 63 Cal.App. 513, 218 P. 1020; Rapalje, Law of Larceny, Sec. 16, pp. 18, 19; State v. Patterson, 98 Mo. 283, 11 S.W. 728, 730; Gibson v. State, Tex.Cr.App., 100 S.W. 776; 36 C.J., pp. 754, 755, Sec. 66; and many other cases not necessary to catalogue.

Alabama, also, in the only case which our research has discovered, has held similarly. Stone v. State, 115 Ala. 121, 22 So. 275.

In our opinion a reversal should be ordered for the refusal of the trial court to give the special written charges of the appellant, which, we think, correctly stated the law upon this question.

In view of a probable second trial, we deem it proper to consider another important question here presented for consideration.

 The sharply controverted issue under the evidence was the identity of the thief, the prosecutrix insisting that appellant was he, whereas appellant supported his denial by evidence of an alibi. At the trial the prosecutrix described the extraordinary movements of the person who stole her property, in changing his seat several times in the course of the show, first in front of her, next beside her, and finally at an advantageous location behind her, all the while looking at her and not at the show, and other unusual conduct, whereupon he grabbed up her purse and made his exit. Over the objection and exception of appellant, Detective Norrel, witness for the State, was permitted to testify as to similar strange actions and movements of the appellant in the same theatre with reference to other women spectators of the show, a few days later when appellant was arrested on the pending charge. This later conduct of appellant, which was certainly strange and unusual for a mere spectator of the show, bore a marked similarity to that of the person who purloined the purse of the prosecutrix.

It is conceded that such evidence was inadmissible to establish the corpus delicti or as substantive evidence to prove the guilt of the accused. But was it admissible for the limited purpose of aiding in establishing the identity of the thief? Unquestionably, it was, and such position is sustained and approved by eminent authorities.

Where the crime has been committed by some novel or extraordinary means or in a peculiar or unusual manner, evidence of recent similar acts or crimes by the accused committed by the same means or in the same manner are provable to identify the accused as an inference from the similarity of method. Underhill's Criminal Evidence, 4th Ed. Niblack, p. 339, Section 185.

Or as otherwise succinctly stated: "The perpetrator of a particular act must be properly identified. It is therefore the rule that identifying characteristics of a given person may be shown by what happened on other occasions which took place at or about the same time, and it is not material should the identification by these means result in showing he had committed other criminal offenses." The Chamberlayne Trial Evidence (Tompkins), p. 659, Sec. 692.

Scholarly discussion of the question is similarly treated in Wigmore on Evidence, 2d Ed., Secs. 215, 216, 217, pp. 456–464; Wharton's Criminal Evidence, Vol. 1, 10th Ed., Secs. 31 (p. 59–60) and 34 (p. 133–40).

Treatment of an analogous question, with extensive citation of authorities, is found in Wilkins v. State, 29 Ala.App. 349, 197 So. 75, where a similar conclusion was reached.

The other insistences of error are without merit. For the error noted, however, the judgment is reversed and the cause remanded.

Reversed and remanded.