31315. BANKS *v.* THE STATE.

DECIDED OCTOBER 29, 1946.

A. G. Cleveland Jr., for plaintiff in error.

E. E. Andrews, Solicitor-General, Durwood T. Pye, Paul Webb, contra.

450

BROYLES, C. J. James A. Banks Jr., Ruby G. Womack, and Ruby Sizemore were jointly indicted for larceny from the person, the indictment charging that, in the County of Fulton, State of Georgia, on January 19, 1946, they fraudulently and privately took from the person of John C. Davis, and with the intent to steal it, $346 in money of the value of $346—and the property of said Davis. Banks was tried alone and was convicted of the offense charged; his motion for a new trial was denied, and that judgment is assigned as error.

The evidence, direct and circumstantial, authorized the jury to find that the defendant, the two women indicted with him and John C. Davis were spending the night together in one room, containing two beds, of a hotel; that Davis, a soldier, before he went to sleep on one of the beds, put his pocketbook, containing $350 in money, under the pillow, and that, while he was asleep on the bed and while his pocketbook with his money in it was under his pillow on the bed, the defendant privately and fraudulently, and without the knowledge or consent of Davis, took the pocketbook with the money in it from under the pillow, with the intent to steal the money, and that he did steal it. The undisputed evidence further showed that the door to the room was securely fastened from the inside, and that the only persons in the room during the night were the defendant, the two women, and Davis; and the two women testified that they did not take the pocketbook from under the pillow, but that they saw and heard the defendant approach the bed upon which Davis was asleep, and that the defendant pulled the pillow from under Davis's head, and they saw or heard the pocketbook fall on the floor. All of this occurred while Davis was asleep on the bed. The undisputed evidence further disclosed that, when the defendant was arrested the next morning, he told the officers he had only two dollars, but, upon searching him, they recovered $38, which dropped out of a leg of his pants. Moreover, the undisputed evidence showed that, while the officers were questioning the defendant and the two women, Ruby Sizemore said to the defendant, "You are the only one that could have gotten the money, why don't you tell the truth?" and the defendant replied, "Well, I guess I got it." The evidence further shows that the admission was freely and voluntarily made, without the fear of punishment or the hope of reward.

Able counsel for the defendant, while insisting that the evidence did not show that the defendant had taken the money, contends also that the above-stated evidence did not authorize a conviction for larceny from the person, since the evidence shows that the pocketbook and the money were not *directly* taken from the *person* of Davis; and, in support of this contention, he cites the Code, § 26-2626, which reads: "Theft or larceny from the person defined.—Theft or larceny from the person, as distinguished from robbery, is the wrongful and fraudulent taking of money, goods, chattels, or effects, or any article of value, from the person of another, privately, without his knowledge, in any place whatever, with intent to steal the same." Counsel contends that, under the language in that section, one can not be legally convicted of larceny from the person unless the property stolen was *actually* taken from the *person* of the owner of the property. Counsel cites several cases which support his view, but none of them are Georgia cases and, of course, are not binding authority on this court.

Apparently the above-quoted Code section has never been construed by the Supreme Court or this court. But the Supreme Court in two cases has construed similar language in the Code, § 26-2501, which reads: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away . . anything of value from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof." However, as was said by this court in *Bowen* v. *State,* 16 *Ga. App.* 110, 116 (84 S. E. 730): "Prior to 1903 our Code (Penal Code of 1895, § 151) defined robbery as 'the wrongful, fraudulent and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner.' In 1903 [Acts 1903, p. 43] the definition of robbery was amended by adding the following: 'or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof.'"

In *Clements* v. *State,* 84 *Ga.* 660 (11 S. E. 505, 20 Am. St. R. 385), headnote 1 reads: "It is not necessary in a case of robbery

to prove that the property was actually taken from the person of the owner, but it is sufficient if it is taken in his presence. Where the prosecutor was in his smoke-house within fifteen steps from his dwelling-house, all the property in the latter was in his immediate possession and control; and where he was prevented, by the threats and intimidation of the defendants, from leaving the smoke-house and returning to the dwelling-house, until some of them [defendants] entered it and stole property therefrom, their offense was robbery."

In *Crawford* v. *State,* 90 *Ga.* 701 (2) (17 S. E. 628, 35 Am. St. R. 242), the court held: "To constitute robbery, it is unnecessary that the taking of the property should be directly from one's person; it is sufficient if it is taken while in his possession and immediate presence."

In each of the above-cited cases the decision was rendered prior to the above-quoted amendment to the robbery statute, and the statute, at the date of those decisions, defined robbery as "the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner." In both statutes now under consideration the language employed says, in effect, that one can not legally be convicted of robbery, or of larceny from the person, unless the stolen property is taken from the *person* of another. The only material difference between the two statutes is that, under the robbery statute, the taking of the property must be accompanied by "force or intimidation;" while the larceny-from-the-person statute provides that the taking must be done privately and without the knowledge of the owner of the stolen property. But both statutes declare that the property must be taken "from the person" of the owner thereof. And the Supreme Court in the two above-cited cases has definitely held, in unanimous decisions which apparently have never been overruled or criticized, that to constitute robbery it is unnecessary that the taking of the property should be *directly* from one's person, but it is sufficient if it be taken while in his possession and immediate presence.

We think that the principle of those decisions is applicable to the facts of the instant case, and that the ruling there made is controlling here. The overruling of the general grounds of the motion for a new trial was not error for any reason assigned.

Special ground 3 is merely an elaboration of the general grounds and is without merit. In view of our foregoing ruling upon the general grounds, special grounds 5, 6, 7 and 8 are also without merit.

Special ground 4 alleges that the court erred in charging upon the law of conspiracy, since the charge was not authorized by the evidence. It is well settled that a criminal conspiracy may be shown by either direct or circumstantial evidence, and that, if there is any evidence showing or tending to show such a conspiracy, a charge upon that subject is not error. While there was no direct evidence in this case showing a conspiracy, between the defendant and the two lewd women indicted with him, to steal the money of the soldier Davis, the circumstantial evidence was sufficient to authorize the jury to find that the three of them had "picked" up Davis and enticed him to spend the night with them in one room of a hotel, with the design to steal his money while he was asleep. And this is so, although the defendant and the two women denied that they had formed such a design. The jury had the right to disbelieve them. Participants in a criminal conspiracy seldom admit the conspiracy. The circumstantial evidence tended to show a conspiracy, and the charge upon that subject was not error.

The remaining special ground assigns error upon the refusal to give a certain requested charge on the subject of circumstantial evidence. The court did charge upon that subject, and the principles embodied in the request were substantially covered by the charge given; and therefore the omission to charge in the exact language of the request was not prejudicial to the accused. *Wilson* v. *State,* 176 *Ga.* 198 (3) (167 S. E. 111).

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*