**STATE of Missouri, Respondent,**

**v.**

**Lillie B. MILLS, Appellant.**

**No. 55569.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, by Allen I. Harris, St. Louis, for defendant.

MORGAN, Judge.

A jury found defendant guilty of a felony—Stealing From A Person—but could not agree on punishment. The trial court assessed a penalty of one year in jail. Sections 556.020; 560.156(2); and 560.161, subd. 2(1), V.A.M.S.

The victim testified that he had parked his car at 2 A.M. near 4489 Washington Avenue in St. Louis to allow his passenger friend to enter what was referred to as a hotel to purchase a package of cigarettes. While waiting, a women opened the passenger door, grabbed the keys and threw them into the street. When he went to recover the keys, he was attacked by several women who pushed him against his car, ripped his shirt and trousers, and took his billfold with approximately $25. Soon thereafter, an off-duty police officer approached the scene, identified himself as an officer and attempted to aid the victim. He testified that defendant pulled a penknife from her purse and came at him. While he was struggling with defendant, Henry Roosevelt Brown appeared, jumped on his back, put his arm around his throat, grabbed his revolver and held the gun on him. Defendant then bit the officer and struck him in the face. Brown and defendant then disappeared. Other officers were called and one participant was arrested in front of the hotel. Brown and defendant were subdued and arrested in her nearby apartment after violent resistance. No evidence was offered on defendant's behalf.

First, it is asserted that the state's evidence was irreconcilable and defendant's motion for a directed verdict should have been sustained. This argument is based on the officer's testimony that he saw the victim being attacked in his car, while the victim placed the attack at the side of his car. The latter testified, reference the appearance of the officer, "I don't remember at what point that he arrived there but I do remember the officer arriving because at that time the pressure was taken off of me." He further said, "This is where I don't really remember what happened." In view of the obvious confusion during such a mass attack, the discrepancy, if any, is immaterial. The victim and defendant were both in and out of the car; and since the evidence is to be viewed in the light most favorable to the verdict, there is no merit in this argument.

Second, argument is made that the trial court erred in admitting evidence as

to acts of a third person, Brown, and allowing testimony of the violent fight at time of arrest. Neither phase of the argument can be sustained. It would be a reasonable inference from the record that Brown was available in case the women needed help; but in any event, it was shown that defendant actively participated in Brown's attack on the officer and victim. Such was admissible as part of the res gestae. State v. Aubuchon, Mo., 394 S.W.2d 327; State v. Lee, Mo., 404 S.W.2d 740; State v. Linzia, Mo., 412 S.W.2d 116. The portion as to resisting arrest was also admissible. State v. Ball, Mo., 339 S.W.2d 783; State v. Kilgore, Mo., 447 S.W.2d 544.

Third, it is alleged there was a fatal variance between the information and verdict directing instruction reference the property stolen. The information charged theft of "keys of the total value of fifty cents," and "twenty dollars." The instruction did not mention keys but only twenty dollars. The variance of fifty cents is neither material nor prejudicial. State v. Lamb, 141 Mo. 298, 42 S.W. 827; State v. Johnson, 334 Mo. 10, 64 S.W.2d 655.

Fourth, error is based on the contention that the prosecutor "personalized" his closing argument by "arguing to" defendant and her attorney, as well as referring to defendant and her accomplices as "prostitutes" and "ladies of the evening." First, it is observed that the court sustained the first objection and advised the prosecutor to "make your argument to the jury," as well as the second objection to characterization of the defendant. In addition, we note it was defense counsel who first challenged the statement that the "lost" passenger went after cigarettes when on cross-examination he asked: "Now, is it not a fact that at that time he was in the Kennerly Hotel with a girl by the name of Kitty?" He later asked: "Are you familiar with the fact Washington Avenue is the biggest red light district in the City of St. Louis?" The innuendos concerning the moral turpitude of defendant were injected into the case by her own attorney. "The complete answer is that the Court gave counsel all the relief he asked." State v. Davis, Mo., 400 S.W.2d 141[20]; State v. Peck, Mo., 429 S.W.2d 247[8].

Lastly, complaint is made that Instruction No. 9 should not have been given. It provided: "You are further instructed that under the laws of this State the Jury, after hearing the evidence and the instructions of the Court, should retire and decide upon the guilt or innocence of the defendants, or either of them, in this case; and if the defendants, or either of them, are found guilty by you, to assess their punishment in accordance with the other instructions of the Court. If, however, after due deliberation, you have been able to and do agree upon the guilt of the defendants, or either of them, but you are unable to agree upon the punishment to be assessed in this case for such guilt, you may return into court a verdict which states that you have agreed upon guilt but are unable to agree upon the punishment for such guilt, and, in that event, the Court may assess the punishment."

In State v. Brown, Mo. (En Banc), 443 S.W.2d 805, it was said: "We hold that it is permissible to give such an instruction along with the other instructions in the case at the time the judge charges the jury following the conclusion of the evidence." It was further recognized that such an instruction " * * * does not say or imply that the jury should or may shirk its duty of seeking to fix punishment after deciding guilt"; and, it was concluded that: "It would be illogical to trust the jury to follow such instructions pertaining to defendant's life and liberty and at the same time be unwilling to trust the jury to follow an instruction with reference to procedure in the event it should agree on guilt but not on punishment." Defendant seeks to have this court now reject the reasoning and conclusions announced in Brown (1969) on the basis that in his survey of sixteen cases, wherein a comparable instruction was

given, it was found that in fourteen cases the jury said they could not agree as to punishment. Whether or not the instruction itself encouraged such a result in all or any of the cases is not shown. We need not at this time review all of the possibilities fully explained in Brown, as well as the consideration therein given to the vulnerability of other alternatives to the same attack. At this time, we reaffirm the soundness of the holding made, and it can be reviewed at such time as greater experience dictates otherwise.

The judgment is affirmed.

All of the Judges concur.