498 P.2d 350

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Frank LUCERO, Defendant and Appellant.**

**No. 12764.**

Supreme Court of Utah.

June 13, 1972.

Henriod, J., dissented and filed opinion in which Crockett, J., concurred.

Lynn R. Brown, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction of grand larceny and requests this court to remand for the statutory sentence for petit larceny.

The evidence shows that the complaining witness was drinking beer in a tavern and had placed her purse on the bar about one or one and a half feet from her. The defendant walked past her, grabbed the purse, and ran. He was charged under the provisions of Section 76–38–4, U.C.A.1953, which reads:

> Grand larceny is committed in either of the following cases:
>
> (1) : . .

(2) When the property taken is from the person of another.

(3) . . .

Our statute [1] defining robbery provides:

Robbery is the felonious taking of personal property in the possession of another from his person, or *immediate presence,* . . . [Emphasis added.]

The case was tried to the court sitting without a jury, and His Honor was of the opinion that grand larceny would be committed if the property stolen was taken from the immediate presence of the complaining witness and that it need not be taken from her person. He would seem to be justified in his belief from what this court said in the case of State v. O'Day, 93 Utah 387, 390, 73 P.2d 965 (1937):

We have read the transcript carefully, and, if any property was taken, it was taken from the person or immediate presence of complaining witness, so it could not be less than grand larceny or robbery. . . .

In that case the charge was robbery. The briefs in that case show that the defendant had held the victim at gunpoint for a long period of time and had taken from him five dollars cash and from his presence other articles of personal property. At trial the defendant never requested an instruction on petit larceny nor did he request that a verdict for petit larceny be submitted to the jury. In deciding the case this court said:

It is evident that the defendant, at that time wanted to go to the jury on a verdict of guilty of robbery or not guilty; . . .

The defendant there was convicted of the crime of grand larceny and on appeal claimed it was error for the court to fail to give a verdict for petit larceny. This court did not mean to say that the crime of grand larceny would always be made out if property be taken from the immediate presence of the victim, but in that particular case there was five dollars taken from the person of the victim, and this court evidently thought the defendant was lucky in being convicted of the included offense of grand larceny instead of robbery as charged.

In the later case of State v. Petralia, 118 Utah 171, 221 P.2d 873 (1950), where there was a robbery of between $17,000 and $27,000, the trial court in substance instructed the jury that it is grand larceny when property is taken from the immediate presence of another. On appeal this court said:

. . . We need not pause to inquire whether the cited cases supports [sic] the contention of the state, *or indeed whether the instruction given by the court was strictly accurate.* . . . [Emphasis added.]

1. Section 76–51–1, U.C.A.1953.

There the money taken exceeded the statutory amount for grand larceny (over fifty dollars) to such an extent that there was no need to consider whether it was from the person or from the immediate presence of the victims.

■ In the instant case we are now required to determine whether stealing from the immediate presence of one constitutes grand larceny regardless of the value of the article stolen. This is the first time this problem has been squarely presented to us for a ruling.

The case of Terral v. State, 84 Nev. 412, 442 P.2d 465 (1968), is in point. It was there held that stealing from the immediate presence of one was not the same as stealing from his person.

While there are cases from a few jurisdictions holding that grand larceny is committed when the stealing is from the immediate presence of the victim, we prefer to·follow the reasoning of the Terral case as being more in keeping with reason. This is especially true since our robbery statute provides for a taking from the person or immediate presence of the victim.

If *immediate presence* means the same as *from the person* in the grand larceny statute, then one would wonder why the same would not apply to robbery. Why would the legislature have included the phrase "or immediate presence" in the· definition of robbery if the words "from his· person" also meant "immmediate presence?"

The charge in the instant case was not based upon the value of the article stolen and counsel objected to the consideration by the court of the value thereof.

■ At the end of the trial counsel for the defendant moved for dismissal of the charge of grand larceny. The trial judge denied the motion, saying:

It is my understanding that in the State of Utah "from the immediate presence" is equivalent to "from the person" and comes under Subsection 2 of 76–38–4. The purse in this matter is one foot to eighteen inches from where she was sitting. It would be sufficient and would be covered by this section. And your motion is denied.

The request of the defendant is granted. The case is remanded to the trial court with directions to change the conviction and sentence to that of petit larceny.

CALLISTER, C. J., and TUCKETT, J., concur.

HENRIOD, Justice (dissenting):

I dissent. The main opinion cites State v. O'Day,[1] decided by this court, wherein it was said that "if *any* property was taken,

1. 93 Utah 387, 73 P.2d 965 (1937).

it was taken from the person *or* (his) *immediate presence . . . so it could not be less then grand larceny. . . ."*

This language is clear and general in application, and makes no distinction between a case where "the defendant had held the victim at gunpoint for a long period of time," nor whether $5.00 or $17,000.00 was taken from the immediate presence of the victim, nor whether the main ópinion's gratuity might maintain, to the effect that this court evidently thought that the defendant was lucky in being convicted of the included offense of grand larceny instead of robbery.[2]

After referring to the O'Day case, which contains no such fine distinctions as those urged in the main opinion here, the latter proceeds to indulge a complete non sequitur when it continues, saying that the instant case is one of first impression,—which it is not,—and that "We are now required to determine whether stealing from the immediate presence of one constitutes grand larceny *regardless of the value of the article stolen.*" We are not required to determine that question at all since State v. O'Day already has decided it by holding the offense to be complete if "any property was taken,"—not if something of value less than the amount mentioned in the petit larceny legislation was taken. State v.

O'Day appears to be the law of this State with respect to "immediate presence" and "grand larceny," irrespective of dollar value. (Emphasis supplied.)

The judgment should be affirmed.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of HENRIOD, J.

---

2. Which speculation is not reflected in the decision in State v. O'Day, and even if it were would be speculation that certainly would impugn the legal integrity of the members of this court participating in that case.