**STATE of Missouri,
Respondent,**

v.

**Wilfred Lee JONES,
Appellant.**

**No. 34830.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 28, 1973.

</div>

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John T. White, Asst. Circuit Atty., St. Louis, for respondent.

George C. Hubel, Terry Crouppen, Robert C. Babione, Public Defender Bureau, St. Louis, for appellant.

KELLY, Judge.

Appellant, Wilfred Lee Jones, was charged by amended information with one prior conviction of a felony, to-wit: "Stealing over $50.00" and with "Stealing from a person without her consent" Section 560.156 subsection 2 and 560.161 subsection 2, subdivision (1), R.S.Mo. 1969.[1] The trial judge, after hearing evidence out of the presence of the jury, made a finding that appellant had been previously convicted as charged, and the only issue submitted to the jury for its determination was the guilt or innocence of the appellant of the charge of Stealing from a person without her consent. Section 560.156 and 560.161 subsection 2, subdivision (1). The jury found the appellant guilty of "stealing from a person" and the trial judge, after overruling appellant's motion for a new trial, sentenced him to five years in the custody of the Missouri Department of Corrections. This appeal followed.

The sole question presented on appeal is the sufficiency of the evidence to support a conviction of Stealing from a person without her consent. We hold that the evidence was sufficient to support the conviction.

The evidence in the case was that Mrs. Lula Cauley parked her automobile at the east curb of Taylor Avenue a short distance north of its intersection with Kossuth Avenue in the City of St. Louis, Missouri, on October 12, 1971, at approximately 3:00 p. m. The windows in both doors of her automobile were open—or "rolled down." On the front seat of her car, and immediately to her right as she was sitting there, was her purse containing, among other things, $120.00 in cash, two ten dollar checks, a bank book and three charge account plates. Mrs. Cauley opened the left front door of her auto, and while in the process of getting out of her car had swung her body around to the left so that both of her feet were on the ground preparatory to raising her body off of the car seat and alighting from the vehicle. While in this position she observed an arm reach through the open window of the door on the passenger side of the car and snatch

---

1. All statutory references hereinafter are to R.S.Mo.1969 unless otherwise indicated.

the purse and its contents off of the seat of the car. At this same time she also observed a man, the appellant, standing just a little on the other side of the purse-snatcher, but very close to him. She did not observe the face of either of these men, but she did notice how they were dressed. Both men ran from the scene, travelling southwardly, crossing Kossuth Avenue and ran into an alley. Within a short time the appellant was apprehended, at which time he had the purse and its contents in his possession. He was taken to the police station where Mrs. Cauley identified her purse, its contents, and the appellant as the man she observed standing near the person who snatched her purse from the seat of her car, and who ran from the scene with that man.

Appellant, at the close of the State's case, filed a motion for judgment of acquittal on the grounds that the State had failed to prove that the purse was actually taken from a person, i. e., "taken from her body." When his motion was overruled he stood on the motion and offered no evidence.

This is, so far as we have been able to determine, a case of first impression in this State. Neither appellant nor the State have cited a case decided by the Courts of this state on this point. Our independent research has surfaced only one reported Missouri case with a similar fact situation. In State v. Mills, 465 S.W.2d 554 (Mo. 1971) the prosecuting witness was seated on the driver's side of his auto which was parked at the curb awaiting the return of a passenger. A woman approached the car and reached in through the open window on the passenger side of the car, seized the keys from the ignition switch of the auto and threw them onto the public street. When the driver got out of the car to retrieve his auto keys he was set-upon by several women who ripped his shirt, tore his trousers and took his billfold containing $25.00. The defendant was convicted of "Stealing from a person," appealed the

judgment, but did not raise the point before us for review.

Appellant cites a number of Missouri cases which he contends stand for the principle that to constitute the offense of Stealing from a person the evidence must prove that the property allegedly stolen was actually taken from off the person of another and taking from the immediate presence of the owner is insufficient.

State v. Rose, 178 Mo. 25, 76 S.W. 1003 (1903); State v. Smith, 190 Mo. 706, 90 S.W. 440 (1905) and State v. Parker, 262 Mo. 169, 170 S.W. 1121 (1914) were all cases of picking the victim's pocket. State v. Patterson, 98 Mo. 283, 11 S.W. 728 (1889), on the other hand, held that the trial court had misdirected the jury in a larceny from a dwelling case in that it instructed the jury that if it found that the defendant only stole a twenty-dollar gold piece from the victim, and if it also found that the theft occurred in a dwelling house, the jury should find the defendant guilty of grand larceny. The statutes under which the prosecution was laid defined grand larceny as the felonious stealing of money of the value of $30.00 Section 1307 R.S. 1879. Section 1309 R.S. 1879 provided that if any larceny was committed in a dwelling house *or by stealing from the person in the night-time* the offender was punishable by imprisonment in the penitentiary not exceeding seven years. The evidence was that the larceny occurred during the daytime and the court held that even though the larceny occurred in a dwelling house, "whenever the property stolen is under the eye and protection of one who is awake, that then the perpetrator of the theft is only punishable for larceny according to the value of the goods and not otherwise." The instruction that authorized the jury to convict of grand larceny where the value of the money was only $20.00 under these circumstances was reversible error. We do not find these cases controlling here.

State v. Mitchell, 276 S.W.2d 163 (Mo. 1955) was a robbery in the first degree conviction in which the court upheld the conviction despite the failure of the trial court to submit an instruction on larceny from the person. The court, l.c. 166 said: "Larceny from the person is the act of taking the property from the person by merely lifting it from one's person or pocket." We have no quarrel with this statement, nor do we find it in conflict with the result we have reached.

Appellant cites cases from other jurisdictions in support of his position that to support a conviction on a charge of stealing from a person the evidence must prove that the property stolen must be upon or attached to the victim, or held or carried in the victim's hands; that the statute was not intended to include property removed from the person and set aside, however immediately it may be retained in the presence or constructive control or possession of the owner while so laid away from his person and out of his hands.[2] The State also cites a line of authority which supports its contention that it is sufficient to sustain a conviction that the evidence show that the property stolen was taken from the person or the immediate presence of the victim.[3]

The cases following either line of authority with respect to what constitutes the taking from a person are persuasive; however, we conclude that the better principle is that stated in State v. Kobylasz, 242

Iowa 1161, 47 N.W.2d 167, 170[3] (1951). There the prosecuting witness was riding in the front seat of an auto with the defendant, and her pocket-book was on the car seat between them. The defendant picked up the pocket-book, took out her billfold, and after going through the pocket-book stuck the billfold in his pocket. The billfold contained $27.00. At her request the defendant refused to return the billfold and its contents. Later she was put out of the car and the defendant retained the billfold and the $27.00. The defendant was indicted for robbery and convicted of larceny from the person. On appeal he contended that the trial court erred in submitting larceny from the person as an included offense; and that the instructions submitting larceny from the person and the verdict based thereon were in error because there was no evidence that the property was actually taken from the victim's *person*. He relied on Wilder v. State, 30 Ala.App. 107, 1 So.2d 317 (1941) and People v. McElroy, 116 Cal. 583, 48 P. 718 (1897). The Iowa court, in refuting the legal principles enunciated in those cases, said, 47 N.W.2d l.c. 170[3]:

"We are not disposed to construe the statute thus narrowly. Here the property was in the possession and immediate presence—in the immediate charge and custody—of the prosecutrix. We think the taking, under the testimony, was away from, though not actually *off* her person. She was at the moment carry-

2. Alabama       : Wilder v. State, 30 Ala.App. 107, 1 So.2d 317 (1941)
   California     : People v. De Vaughn, 63 Cal.App. 513, 218 P. 1020 (1923)
                   People v. McElroy, 116 Cal. 583, 48 P. 718 (1897)
   Nevada        : Terral v. State, 84 Nev. 412, 442 P.2d 465 (1968)
   Texas         : Mack v. State, 465 S.W.2d 941 (Tex.Cr.App.1971)
                   Cousins v. State, 154 Tex.Cr.R. 5, 224 S.W.2d 260 (1949)
                   Gibson v. State, 100 S.W. 776 (Tex.Cr.App.1907)
   Utah          : State v. Lucero, 28 Utah 2d 61, 498 P.2d 350 (1972),
   Wisconsin     : Hawpetoss v. State, 52 Wis.2d 71, 187 N.W.2d 823 (1971)

3. Georgia       : Banks v. State, 74 Ga.App. 449, 40 S.E.2d 103 (Ga.App. 1946)
   Illinois      : O'Donnell v. People, 224 Ill. 218, 79 N.E. 639 (1906)
   Massachusetts : Commonwealth v. Subilosky, 352 Mass. 153, 224 N.E.2d 197 (1967)
   Michigan      : People v. Gould, 384 Mich. 71, 179 N.W.2d 617 (1970).

ing it on the automobile seat beside her. The jury could find it was stolen from her person."

The Legislature of this State, in 1955, enacted the present Sections under which this amended information is laid, Sections 560.156 and 560.161. It repealed some 59 sections of Missouri Statutes relating to offenses against property, and enacted in lieu thereof five new sections relating to the same subject, and thereby consolidated, combined or merged larceny, embezzlement, obtaining money or property by false pretenses and other kindred offenses into one crime—Stealing. State v. Zammar, 305 S.W.2d 441, 443 (Mo.1957). The legislative purpose in enacting the new Sections was to eliminate the technical distinctions between the offenses of larceny, embezzlement and obtaining money by false pretenses and to deal with all forms of stealing in one statute, State v. Kesterson, 403 S.W.2d 606, 609[2] (Mo.1966), and to simplify prosecutions of persons for wrongful and criminal acquisition of the property of others. State v. Wishom, 416 S.W.2d 921, 925 (Mo.1967). To narrowly construe the statutes under which this prosecution is laid would, in our opinion, be in conflict with the legislative intention which nurtured their passage and reinstate the narrow common law restrictions and definitions they sought to eradicate.

We conclude, therefore, that the legal principles followed in State v. Kobylasz, supra, and declared by the courts of Georgia, Illinois, Massachusetts, and Michigan are the more sound, and where, as here, the personal property which is stolen is in the actual and immediate physical control of the victim, the crime perpetrated is that of "Stealing from a person without her consent" within the meaning of Sections 560.156 subsection 2, and 560.161 subsection 2, subdivision (1).

Here the purse and its contents were in the actual and immediate physical control of Mrs. Cauley and the evidence supports the verdict of the jury.

We have reviewed the sufficiency of the amended information, the verdict and the judgment and find no error. Allocution was granted, and the punishment imposed by the court is within the range of punishment permitted by Section 560.161, subsection 1, subdivision (2). Rule 28.02, V.A.M.R.

The judgment of the trial court is affirmed.

SMITH, P. J., and SIMEONE, J., concur.