132 N.J. Super. 487 (1975)
334 A.2d 341
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND BLOW, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1975.
Decided February 27, 1975.
Before Judges COLLESTER, LORA and HANDLER.
Ms. Randall W. Westreich, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*488 Mr. Solomon Rosengarten, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LORA, J.A.D.
Defendant Raymond Blow was indicted for armed robbery, in violation of N.J.S.A. 2A:141-1 and 2A:151-5. He was convicted of the lesser included offense of larceny from the person, a violation of N.J.S.A. 2A:119-1.
On appeal defendant contends that the trial judge improperly charged larceny from the person because the $160 he admitted stealing was not taken from complainant's person but from beneath the car seat upon which the victim was seated. It further contends that depending on whose testimony the jury believed he could only be found guilty of either armed robbery or the disorderly persons offense of stealing money, a violation of N.J.S.A. 2A:170-30.1.
When complainant stopped his vehicle in downtown Paterson defendant asked him for a ride. Defendant, who described himself as a transvestite, was dressed in women's clothing at the time. Complainant testified that defendant refused to leave the car when it reached defendant's specified destination, but instead pulled a knife from his purse and demanded money. Complainant attempted to secrete most of his cash beneath the driver's seat, but defendant detected him doing so and removed the money.
Defendant denied using a knife during the encounter. Instead, he asserted that the money was taken from beneath the driver's seat while he and complainant were engaged in sexual activity.
The phrase, "from the person", contained in N.J.S.A. 2A:119-1, has not heretofore been interpreted by the courts of this State. Defendant argues for a literal interpretation of the phrase which would restrict the high misdemeanor offense to cases in which money, goods or chattels are taken *489 or stolen from the physical person of the victim. The State contends that the broader interpretation given the identical phrase in the robbery statute, N.J.S.A. 2A:141-1, should be applied to larceny from the person. Our courts have interpreted the phrase "from the person * * * of another," as used in the robbery statute, "to include the taking of personalty from the custody of, or from the constructive possession of, or which is subject to the protection of, another." State v. Butler, 27 N.J. 560, 589 (1958); State v. Grillo, 11 N.J. 173, 187 (1952); State v. Cottone, 52 N.J. Super. 316, 323 (App. Div. 1958), certif. den. 28 N.J. 527 (1959); State v. Culver, 109 N.J. Super. 108, 111 (App. Div. 1970).
We have considered the out-of-state authorities cited by defendant, together with the factual situations presented therein and the statutory schemes upon which the decisions were based. State v. Lucero, 28 Utah 2d 61, 498 P.2d 350 (Sup. Ct. 1970), where defendant took the complainant's purse which was resting 18 inches away from her and atop a tavern bar, and People v. McElroy, 116 Cal. 583, 48 P. 718 (Sup. Ct. 1897), where complainant had rolled up his trousers and placed them under his head as a pillow and during the night defendant removed $17 from a pocket of the trousers, arose under statutes in which robbery was defined as a taking from the person or his immediate presence. Larceny was defined as a taking from the person. From this difference in phraseology the courts derived a legislative intention to more severely limit the ambit of the larceny from the person statute. This distinction does not exist in New Jersey.
While Wilder v. State, 30 Ala. App. 107, 1 So.2d 317 (Ct. App. 1941), and Terral v. State, 84 Nev. 412, 442 P.2d 465 (Sup. Ct. 1968), cannot be distinguished on the same basis, both those cases involved factual situations differing from that presented in the case before us, and we are unpersuaded by their reasoning. In Wilder the grabbing of a purse from an empty adjoining seat in a movie theater by one *490 seated behind the owner thereof was held not to be larceny from the person, the court holding the property stolen must be "actually on or attached to the person by his clothing or otherwise, or ... in some manner in his actual physical possession." The court reasoned that the statute was designed to protect people from the approach of the pickpocket or purse snatcher, as opposed to the act of theft. Terral considered the gravamen of the offense to be the violation of the person and privacy of another. Terral had taken $250 in gaming tokens from a rack on a gaming table immediately in front of the victim. It was held that defendant could not be found guilty of larceny from the person when the chips were merely taken from his victim's presence.
The definition of "from the person" must, of necessity, limit the area within which larceny will be punished as a high misdemeanor. However, we do not agree that the Legislature intended the phrase "from the person" to mean from the physical person of the victim. Rather, we are of the view that to constitute larceny "from the person" it is sufficient if the property is taken while in his possession and immediate presence. Banks v. State, 74 Ga. App. 449, 40 S.E.2d 103 (Ct. App. 1946).
In Banks complainant, defendant, and two women shared a room for the night. Complainant placed his wallet under the pillow on which he slept. During the night defendant removed the wallet. In holding that defendant could be found guilty of larceny from the person the court relied upon cases which construed the phrase "from the person" in a since-amended robbery statute. At the time of decision the robbery statute had been amended to include articles taken from the person or presence of his victim. The presence of force or intimidation in a case of robbery was deemed the only distinction. It was, therefore, "unnecessary that the taking of the property should be directly from one's person, but is sufficient if it be taken while in his possession and immediate presence." Id., 40 S.E.2d at 106.
*491 Here the currency defendant admitted stealing was within the victim's immediate control. A danger of confrontation between thief and victim was present and the victim's person and privacy were invaded. People v. McElroy, supra 48 P. at 718. See Commonwealth v. Subilosky, 352 Mass. 153, 224 N.E.2d 197 (Sup. Jud. Ct. 1967); English v. State, 219 Tenn. 568, 411 S.W.2d 702 (Sup. Ct. 1966), cert. den. 387 U.S. 921, 87 S.Ct. 2038, 18 L.Ed.2d 977 (1967); State v. Kobylasz, 242 Iowa 1161, 47 N.W.2d 167 (Sup. Ct. 1951); Mack v. State, 465 S.W.2d 941 (Texas Cr. App. 1971). Cf. State v. Danziger, 121 N.J. Super. 44 (App. Div. 1972), in which defendants' convictions under N.J.S.A. 2A:170-3 of having offensive or dangerous weapons upon them with intent to assault were sustained although the language of the statute uses the phrase "upon him" and the weapons were within reach and immediately available for assault.
We conclude that larceny from the person includes the theft of money, goods or chattels which are within the immediate custody and control of the victim. Accordingly, on the facts of this case it was not error to charge on the statute.