695 P.2d 737

**STATE of Arizona, Appellee,**

v.

**Quincy TRAMBLE, Appellant.**

**No. 6348–PR.**

Supreme Court of Arizona, En Banc.

Feb. 4, 1985.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Phoenix, for appellant.

FELDMAN, Justice.

Quincy Tramble (defendant) was convicted of theft in violation of A.R.S. § 13–1802. His crime was classified as a class 6 felony rather than a class 1 misdemeanor because the theft was "from the person of another." *Id.*, subsection C. Defendant was alleged to have reached through the passenger window of a car which was stopped in traffic and grabbed a purse lying on the seat next to the woman driving the car. The trial judge instructed the jury that the

elements of the crime of "theft from the person of another" existed if the property was taken "from [the] immediate possession and control" of the victim.[1] Defendant was convicted; the court of appeals reversed, holding that a more restrictive interpretation of the statute was proper and that the trial judge had erred in giving the instruction regarding "immediate possession and control." *State v. Tramble*, (1 CA–CR 6887, filed June 12, 1984).

The state petitioned this court for review, contending that the court of appeals had improperly restricted the meaning of the phrase "from the person of another" to a taking from the body or clothing of, or receptacles being carried by, the victim. The scope of this statute is a question of first impression in this state. We granted review to clarify the construction of the statute and to provide trial courts with guidance in the future. Rule 31.19(c)(4), Ariz.R.Crim.P., 17 A.R.S. We have jurisdiction pursuant to the Arizona Constitution art. 6, § 5(3).

The predecessor of A.R.S. § 13–1802(C) was adopted from the California Penal Code. The present statute reads as follows:

A. A person commits theft if, ..., such person knowingly:

1. Controls property of another with the intent to deprive ..., or

2. Converts ... services or property of another entrusted to the defendant ...; or

3. Obtains property or services of another by means of any material misrepresentation ...; or

4. Comes into control of lost, mislaid or misdelivered property of another ... and appropriates such property ...; or

5. Controls property of another knowing or having reason to know that the property was stolen; or

6. Obtains services ... without paying or an agreement to pay compensation or diverts another's services to his own or

another's benefit without authority to do so.

\* \* \* \* \* \*

C. Theft of property with a value of one thousand dollars or more is a class 3 felony. Theft of property with a value of five hundred dollars or more is a class 4 felony. Theft of property with a value of two hundred fifty dollars or more is a class 5 felony. Theft of property with a value of one hundred dollars or more is a class 6 felony. Theft of any property or services valued at less than one hundred dollars is a class 1 misdemeanor, unless such property is taken from the person of another or is a motor vehicle or a firearm, in which case the theft is a class 6 felony.

At trial, defendant submitted a jury instruction based upon recommended California jury instructions for criminal offenses. The instruction read as follows:

To constitute the taking of property from the person, the property must be either on the body or in the clothing being worn, or in a receptacle being carried by the person from whom it is taken.

The trial judge refused the instruction and, instead, instructed as follows:

The crime of theft from another person requires proof of the following:

1. That the defendant committed a theft; and

2. [That he] took the property from [the victim's] immediate possession and control.

The court of appeals concluded that the instruction submitted by defendant and refused by the trial judge was the correct statement of law and that the trial court had erred, therefore, in refusing it and giving the instruction submitted by the state. In reaching this conclusion, the court relied upon the fact that A.R.S. § 13–1802(C) was adopted from the California Penal Code and that the California Supreme Court had construed the phrase

---

1. The court's instruction referred to the crime of "theft from another person" instead of "theft from the person of another." Defendant does

not raise this issue in his petition for review to this court.

"theft from the person" to apply only to a taking directly from the body of the person and not to takings from the immediate vicinity of the victim. Slip op. at 4, citing *People v. McElroy*, 116 Cal. 583, 48 P. 718 (1897). This still appears to be the California position. *See, e.g., People v. Squadere*, 88 Cal.App.3d Supp. 1, 151 Cal.Rptr. 616 (1978). We disagree with this view.

We note first that there is a nationwide split of authority on the proper interpretation of the phrase "from the person" as used in statutes pertaining to theft "from the person." *See Annot.*, 74 ALR 3d 271 (1976). Some jurisdictions have construed such statutes strictly and have taken the view that there must be an actual taking from the body of the victim; a taking from his presence or control is not sufficient. *See, e.g., People v. McElroy, supra; Terral v. State*, 84 Nev. 412, 442 P.2d 465 (1968); *State v. Lucero*, 28 Utah 2d 61, 498 P.2d 350 (1972). According to these courts, "the gravamen of the offense is that the person of another has been violated and his privacy directly invaded." *Terral, supra*, 442 P.2d at 466. Other reasons for the restrictive interpretation are that penal statutes must be strictly construed and that the statute must be differentiated from robbery statutes such as A.R.S. § 13–1902 which explicitly proscribe taking from the "immediate presence" or possession. *See* slip op. at 6; *Annot., supra*, 74 ALR 3d at 275.

Many jurisdictions prefer a less literal interpretation of such statutes. *See, e.g., State v. Washington*, 308 N.W.2d 422 (Iowa 1981) (defendant who removed victim's purse from a shopping cart while the victim was unaware, held guilty of theft from the person); *State v. Jones*, 499 S.W.2d 236 (Mo.App.1973) (defendant who took a purse from an automobile seat was guilty of stealing from a person); *State v. Blow*, 132 N.J.Sup. 487, 334 A.2d 341 (App. 1975); *State v. Aschmeller*, 87 S.D. 367, 209 N.W.2d 369 (1973). In *State v. Washington, supra*, the Iowa Supreme Court stated:

> ... [T]heft from the victim's area of control, because of its potential for physi-

cal confrontation with the thief, could logically be seen as justifying an enhanced penalty.

*Id.* at 423.

 In the absence of a legislative record establishing any specific legislative intent, both schools of thought may appear persuasive. However, we must follow that school which most accurately reflects and promotes the objectives that our legislature sought to accomplish in adopting the statute. *See Fuenning v. State*, 139 Ariz. 590, 604, 680 P.2d 121, 135 (1984). We recognize, also, the principle that statutes will ordinarily be construed consistently with cases decided by the courts of the state from which the statute was adopted. *See DeBoer v. Brown*, 138 Ariz. 168, 673 P.2d 912 (1983). As indicated in *DeBoer*, however, this proposition is not inflexible. The construction given by the courts of the state from which the statute was adopted is "persuasive," but, as *DeBoer* noted, the interpretation must be consistent with our legislative goals or intent. *Id.* at 171, 673 P.2d at 915. The Arizona Legislature has expressly stated that the general rule of strict construction of penal statutes does not apply to our Criminal Code, and that its provisions must be construed, instead, according to the fair meaning of their terms, with the purpose of promoting justice and effecting the object of the law. A.R.S. § 13–104. Thus, the rule of strict construction followed by the California case of *People v. McElroy, supra*, is not consistent with the legislative policy of our state.

 We note, also, that our legislature did not make "theft from the person of another" a separate crime that would fill the gap between theft and robbery. Instead, these words appear only in that subsection of the theft statute which specifies the degrees of the crime of theft and the punishment for each. Subsection C of § 13–1802 does not create or define a separate crime; it states merely that the degree of the crime of theft varies between a class 3 felony and a class 1 misdemeanor depend-

ing upon the value of the property stolen. It provides, specifically, that:

Theft of any property or services valued at less than $100 is a class 1 misdemeanor, unless such property is *taken from the person of another or is a motor vehicle or a firearm*, in which case the theft is a class 6 felony.

A.R.S. § 13–1802(C) (emphasis added).

■ If the legislature had seen fit to characterize "taking from the person of another" as a separate crime, we might have been persuaded by the view that these words must be construed *in pari materia* with the words "taking from his person or immediate presence" in the robbery statute (A.R.S. § 13–1902); in that case, the exclusion of the words "immediate presence" in the theft statute may have militated in favor of the restrictive interpretation urged by defendant. However, as it stands now, the main difference between the crimes of theft and robbery lies in the use or threat of force, and not in whether the taking was from the person's body or from his or her immediate area of control.

■ It seems, therefore, that the theoretical underpinnings for a restrictive interpretation of the statute are simply inapplicable in Arizona. We believe, on the other hand, that the obvious legislative objective—to let the punishment "fit the crime" —is more likely to be attained by the less restrictive construction of the statute. The purpose of enhancing punishment for the taking of property having little monetary value is obviously to punish more severely those crimes which create a threat of violent confrontation. *State v. Washington, supra.* Such a threat is present whether the taking of property is from the victim's body or from his presence and immediate possession or control. The crime of the purse snatcher is as likely to provoke violence as that of the pickpocket, whether the purse is taken from the victim's lap or from the seat immediately adjoining her lap.

■ We conclude, therefore, that "theft from the person" is not a separate crime, the elements of which should be restrictively interpreted and differentiated from theft on the one hand and robbery on the other. To the contrary, in adopting A.R.S. § 13–1802 the legislature has created a single crime of "theft," combining or merging the common law crimes of larceny, fraud, embezzlement, obtaining money by false pretenses, and other similar offenses. The obvious purpose in enacting this "omnibus" theft statute was to eliminate technical distinctions between various types of stealing and to deal with all forms in a single statute, thus simplifying prosecution for the unlawful "acquisition" of property belonging to others. *State v. Jones, supra,* 499 S.W.2d at 240. A restrictive interpretation of the statute would thus conflict with the legislative objective by reinstating the technical, common law restrictions and definitions which the legislature sought to eliminate. *Id.*

■ Thus, when defendant took the victim's purse, he committed theft by controlling the property of another, in violation of A.R.S. § 13–1802(A)(1), irrespective of whether he took the purse from the seat or from the victim's lap. The provisions of § 13–1802(C), which differentiate in the punishment of petty theft when there is a taking "from the person of another," are simply a direction to enhance punishment in those situations in which no robbery has been committed and property of small value has been stolen, but where the circumstances are such that there was a danger of violence. We hold therefore that where property is taken from the victim's person, or in his presence and from an area within his immediate control, there has been a taking "from the person." This circumstance does not distinguish theft from robbery, nor one type of theft from another, but, instead, enhances the crime from a class 1 misdemeanor to a class 6 felony. We conclude that, when defendant took the purse from the front seat of the victim's car, he committed theft and was properly convicted of a class 6 felony because he stole it "from her person" within the meaning of subsection C.

The trial court did not err in instructing the jury. The judgment of conviction is affirmed. The opinion of the court of appeals is vacated.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.