**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4130**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL MAURICE CLARK,

            Defendant - Appellant.

**No. 09-4131**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL MAURICE CLARK,

            Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00048-WO-1; 1:08-cr-00053-WO-1)

Submitted:  March 29, 2010        Decided:  April 12, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

––––––––––

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Maurice Clark pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (2006), and one count of bank robbery in violation of 18 U.S.C. § 2113(a) (2006), and was sentenced as a career offender to 160 months' imprisonment. Clark appeals his sentence, contending that the district court erred in finding that he was a career offender within the meaning of U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2007). We affirm.

A defendant must be sentenced as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).

On appeal, Clark argues that the district court erred in finding that his prior New Jersey conviction for theft from a person was a crime of violence within the meaning of USSG § 4B1.2(a). A "crime of violence" is an offense under federal or state law, punishable by imprisonment over one year, that — "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a

3

serious potential risk of physical injury to another." USSG § 4B1.2(a).

Clark had prior New Jersey felony convictions for theft from a person and for felony robbery. In the district court, Clark conceded that his prior conviction for felony robbery was a crime of violence, but argued that his theft from a person conviction was not a crime of violence because the New Jersey court in that case found two mitigating circumstances: (1) Clark's conduct did not cause or threaten serious harm; and (2) Clark did not contemplate that his conduct would cause or threaten serious harm. Clark contended that under these circumstances, the district court could not find that his prior conviction for theft from a person involved conduct that presented a serious potential risk of physical injury to another. The district court, relying on Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008), found that Clark's prior New Jersey conviction for felony theft from a person was similar in kind and in degree of risk posed to burglary from a dwelling. We agree.

Whether Clark's prior New Jersey conviction qualifies as a crime of violence under USSG § 4B1.2(a) is a legal issue we review de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996). Because the language defining a crime of violence in § 4B1.2(a) is nearly identical to the language

4

defining a violent felony in 18 U.S.C. § 924(e) (2006), this court looks to its case law interpreting both sections when examining whether a prior crime involves conduct that presents a serious potential risk of physical injury to another. United States v. Roseboro, 551 F.3d 226, 229 n.2 (4th Cir. 2009).

This court recently held that theft from a person under North Carolina law is a crime of violence within the meaning of USSG § 4B.1.2(a). See United States v. Jarmon, ___ F.3d ___, 2010 WL 679053 (4th Cir. February 23, 2010). Like the North Carolina statute under which Jarmon was convicted, the New Jersey statute provides that one of the elements of theft in the third degree includes property taken "from the person of a victim." N.J. Stat. Ann. § 2C:20-2(b)(2)(D) (West 2005 & Supp. 2009). The "taking of property from the person of another from an area within his immediate custody and control . . . raises the danger of confrontation [between thief and victim] and involves an invasion of the victim's person and privacy." State v. Harrison, 373 A.2d 680, 684 (N.J. Super. Ct. App. Div. 1977) (interpreting New Jersey larceny from the person statute); State v. Blow, 334 A.2d 341, 343 (N.J. Super. Ct. App. Div. 1975) (same).

In comparing this crime with the enumerated offenses, the district court correctly applied the Begay analysis to find that the offense is a crime of violence. See Jarmon, 2010 WL

5

679053, at *2-*4 (applying <u>Begay</u> analysis to North Carolina theft from a person statute and finding it to be crime of violence). Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>