**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4556**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAWN PATRICK MANNING,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:12-cr-00042-SGW-3)

———————

Submitted: February 25, 2014      Decided: April 3, 2014

———————

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

L. Brad Braford, L. BRAD BRAFORD P.C., Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Shawn Manning on one count of conspiring to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846, and two counts of money laundering, in violation of 18 U.S.C. § 1956. Manning subsequently pleaded guilty to one count of money laundering and a lesser-included offense relating to the conspiracy charge. At Manning's sentencing, the district court categorized Manning as a career offender, a determination that Manning now challenges on appeal. For the reasons set forth below, we affirm.

I.

The criminal activities giving rise to Manning's indictment and guilty plea are largely irrelevant to the sole issue presented by this appeal. It suffices to say that during the course of several years, Manning was involved in a conspiracy to distribute hundreds of kilograms of marijuana and to channel hundreds of thousands of dollars in related proceeds from Virginia to persons in places as far away as California and Jamaica. What is relevant is that prior to the underlying indictment and plea, Manning was convicted in 2010 in Virginia state court of possessing with the intent to distribute a controlled substance. Manning was also convicted in 1997 in

2

New Jersey state court of theft pursuant to New Jersey Code section 2C:20-3(a), the umbrella provision for theft.

The U.S. Sentencing Guidelines Manual (the "Guidelines") provides in relevant part that, "A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). The district court categorized Manning as a career offender based on his prior convictions in Virginia and New Jersey, respectively. Manning's sentence consists of 188 months' imprisonment and five years of supervised release based on a total offense level of 31 and a category VI criminal history.

Manning's plea agreement reserved his right to appeal the district court's determination regarding his career-offender status, which is the sole issue before the Court. On appeal, Manning does not challenge the district court's decision to count his Virginia conviction for purposes of categorizing him as a career offender, but he does challenge the decision to count his New Jersey conviction. Specifically, Manning contends that his theft conviction was not for a "crime of violence" for purposes of Guidelines section 4B1.1(a)(3).

This Court reviews de novo a district court's designation of a defendant as a career offender. United States v. Johnson, 114 F.3d 435, 444 (4th Cir. 1997); see also United States v.

3

Smith, 359 F.3d 662, 663-64 (4th Cir. 2004) (district court's determination regarding whether a crime is a "crime of violence" is a legal question reviewed de novo).

## II.

Prior to reaching the question presented by this appeal, we first must address a preliminary issue raised by Manning: which approach—the categorical approach or the modified categorical approach—applies to the New Jersey theft conviction. Pursuant to the categorical approach, courts need only "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." Descamps v. United States, __ U.S. __, 133 S. Ct. 2276, 2281 (2013). The modified categorical approach, on the other hand, applies to "divisible statutes," i.e., statutes that "set[] out one or more elements of the offense in the alternative." Id. Pursuant to the modified categorical approach, courts may

> consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

Id.

Manning argues that the New Jersey statute under which he was convicted is "divisible" pursuant to Descamps, and thus the district court erred by not looking at additional documents when determining that his conviction was for a "crime of violence." In support of his position, Manning cites State v. Sein for the notion that theft pursuant to New Jersey Code section 2C:20-3 "may be committed in many ways, i.e., by a stranger acting by stealth or snatching from the presence or even the grasp of the owner or by a person entrusted with the property as agent, bailee, trustee, fiduciary or otherwise." 590 A.2d 665, 670 (N.J. 1991) (emphasis omitted) (citation omitted) (block quotation formatting omitted). Although Manning is correct that the New Jersey Code sets forth several variations of theft—some that can involve violence (e.g., section 2C:20-2(b)(1)(b), "The property is taken by extortion") and others that do not involve violence (e.g., section 2C:20-2(b)(2)(j), "The property stolen is a New Jersey Prescription Blank")—the judgment pertaining to Manning's New Jersey conviction does not leave open the question of whether Manning was an "agent, bailee, trustee, fiduciary," etc., Stein, 590 A.2d at 670; he plainly was not. Specifically, the "Description" heading of the "Final Charges" section of the Amended Judgment against Manning states, "Theft from Person (As Amended)," and the "Degree" heading lists "3". In looking at the ways by which a person can commit third-degree theft in New

5

Jersey, it is clear to us (as it was to the district court) that Manning was convicted of stealing property from the victim's person pursuant to New Jersey Code section 2C:20-2(b)(2)(d) and not of theft by breach of an entrustment or otherwise.

We turn now to the issue presented by this appeal: whether section 2C:20-2(b)(2)(d) constitutes a "crime of violence" for purposes of categorizing Manning as a career-offender pursuant to the Guidelines.


III.

The Guidelines define "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Here, the offense elements of New Jersey Code section 2C:20-2(b)(2)(d) are that the defendant "[1] unlawfully takes, or exercises unlawful control over, movable property of another [person] [2] with purpose to deprive him thereof," N.J. Rev. Stat. § 2C:20-3(a), and "[3] [the taking] is from the person of the victim," id. § 2C:20-2(b)(2)(d). New Jersey courts have interpreted the phrase "from the person" to mean from the

victim's "possession and immediate presence." <u>State v. Blow</u>, 334 A.2d 341, 343 (N.J. Super. Ct. App. Div. 1975).

In considering these offense elements, third-degree theft from the person does not fit the description of any crime that the Guidelines categorize explicitly as a "crime of violence"—it does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," nor does it entail "burglary of a dwelling, arson, or extortion, [or] involve[] [the] use of explosives." U.S.S.G. § 4B1.2(a). Thus, if we are to categorize section 2C:20-2(b)(2)(d) as a "crime of violence," its elements must "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." <u>Id.</u>

In <u>United States v. Jarmon</u>, this Court determined that the North Carolina crime of larceny from the person is a crime of violence pursuant to the "otherwise" clause of Guidelines section 4B1.2(a). 596 F.3d 228, 233 (4th Cir. 2010). The offense elements of North Carolina larceny from the person are that the defendant "(1) took the property of another; (2) carried it away; (3) without the owner's consent[;] . . . (4) with the intent to deprive the owner of the property permanently"; and (5) "the property stolen must be in the immediate presence of and under the protection or control of the victim at the time the property is taken." <u>Id.</u> at 230

(citations omitted) (internal quotation marks omitted).  In categorizing larceny from the person as a "crime of violence," the Jarmon court compared larceny to robbery, the latter of which has as an offense element in both New Jersey and North Carolina "the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a).  See N.J. Rev. Stat. § 2C:15-1; State v. Carter, 650 S.E.2d 650, 653 (N.C. Ct. App. 2007).  The court stated:

> [W]hile larceny from the person entails less violence than robbery, that fact does not prove that larceny from the person is nonviolent. Indeed, Jarmon acknowledges that larceny from the person can involve violence because it encompasses forceful takings like the snatching of a purse from a shoulder.  The act of snatching a purse (or any other property) from the victim's person may not inflict severe pain or injury, but it may do so, and in any event it is certainly aggressive.

Jarmon, 596 F.3d at 232; see, e.g., State v. Link, 485 A.2d 1069, 1071 (N.J. Sup. Ct. App. Div. 1984) (affirming conviction for attempted theft pursuant to section 2C:20-2(b)(2)(d) in a case involving an unsuccessful purse snatch).

The court then compared larceny from the person to burglary of a dwelling, which is among the crimes listed expressly as a "crime of violence" in Guidelines section 4B1.2(a):

> Burglary does not necessarily involve violence, but it always requires that the offender intentionally enter a building where a victim might be present.  This purposeful, aggressive act creates a serious risk of violent confrontation.  Similarly, larceny from the person does not necessarily involve violence, but it

8

> requires the offender to make purposeful, aggressive moves to part the victim from his or her property, creating a similar risk of violent confrontation. In fact, because larceny from the person requires that the offender take the property from the protection or control of the victim, the victim's presence is assured, and the odds of a violent confrontation are even higher than in a generic burglary, where the victim is often absent.

Jarmon, 596 F.3d at 232–33; see Blow, 334 A.2d at 343 ("A danger of confrontation between thief and victim [becomes] present [when] the victim's person and privacy [are] invaded.").

Here, inasmuch as the New Jersey crime of third-degree theft from the person has substantively indistinguishable offense elements from the North Carolina crime of larceny from the person—particularly with respect to the element wherein the stolen property is taken from the victim's "possession and immediate presence," Blow, 334 A.2d at 343, thus requiring a potentially violent confrontation, see id.—we hold for the same reasons articulated in Jarmon that third-degree theft pursuant to New Jersey Code section 2C:20-2(b)(2)(d) also constitutes a "crime of violence."

IV.

For the reasons set forth above, we affirm the district court's decision to categorize Manning as a career offender for purposes of sentencing him pursuant to the Guidelines. We dispense with oral argument because the facts and legal

9

contentions are presented adequately in the materials before the

Court and argument would not assist our decision-making process.[*]

AFFIRMED

---

[*] This Court previously determined that a conviction for third-degree theft from the person pursuant to New Jersey Code section 2C:20-2(b)(2)(d)—the precise statutory provision at issue here—constitutes a "crime of violence" for sentencing pursuant to the Guidelines. United States v. Clark, 373 F. App'x 365 (4th Cir. 2010) (per curiam). Our decision in Clark, however, is not published and therefore is not binding on this Court when considering Manning's appeal.