Opinion
COLE, P. J.
Appellant Steve Squadere, appeals his conviction of violating Vehicle Code section 23122.[1] The section expressly states “[n]o person shall have in his possession on his person, while in a motor vehicle upon a highway, any bottle, can, or other receptacle, containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed.” (Italics supplied.)
*Supp. 3 The language is in marked contrast to allied Vehicle Code provisions: section 23121 “[n]o person shall drink any alcoholic beverage in any motor vehicle . . section 23123 “it is unlawful for the registered owner ... or the driver ... to keep in a motor vehicle . . section 23123.5, subdivision (a) “[n]o person under the age of 21 years shall knowingly drive any motor vehicle carrying any alcoholic beverage . . section 23123.5 subdivision (b) “[n]o passenger in any motor vehicle who is under the age of 21 years shall knowingly possess or have under his control any alcoholic beverage . . . .”
In the present case appellant, a passenger, was one of five persons in a vehicle stopped by officers. A search of the vehicle revealed five bottles each containing some beer—three underneath the driver’s seat and two underneath the passenger’s seat. The appellant was cited “because there were five occupants in the vehicle and five bottles of beer in the car, that the bottles were all cold and that each of the bottles contained some beer.” The officer noted no furtive movements or any other movement by appellant to indicate that he had placed beer bottles under either seat. The appellant testified that he had not been drinking in the car and did not know of the presence of the bottles.
Under these circumstances an inference could clearly be drawn that appellant had been drinking beer in the vehicle. This does not end our inquiry, however, because we must still consider the meaning of the words “on his person” in section 23122. We may not read language out of a statute in order to uphold a conviction; if possible we should give significance to every word, phrase, sentence and part. (People v. Western Air Lines, Inc. (1954) 42 Cal.2d 621, 638 [268 P.2d 723]; Kahn v. Kahn (1977) 68 Cal.App.3d 372, 381 [137 Cal.Rptr. 332].) Further, we should construe a statute with reference to the whole system of law of which it is a part. (People v. Raster (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269].)
In another context—possession of narcotics—our Supreme Court has noted “that proof of opportunity of access to a place where narcotics are found, without more, will not support a finding of unlawful possession.” (People v. Redrick (1961) 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]; see People v. Foster (1953) 115 Cal.App.2d 866 [253 P.2d 50].)
Applying the foregoing principles to the facts of this case it is manifest that to uphold this conviction on the basis of the inference suggested would not only ignore the language of section 23122 but would require us *Supp. 4 to find possession as a matter of law merely on account of presumed opportunity of access to the open beer cans.[2]
It is clear to us, however, that the evidence in the present case is insufficient to show that appellant had one or more of the beer bottles “in his possession on his person.” To uphold this conviction simply because there were five people and five cold and partially empty bottles in the car would ignore the statutory language. It would require us to resort to the sort of “surmise and conjecture” condemned in People v. Foster, supra, 115 Cal.App.2d 866, 868.
We are aided in our conclusion by People v. McElroy (1897) 116 Cal. 583 [48 P. 718], That case concerned Penal Code section 487, subdivision 2 which then described one form of grand larceny (today it is called grand theft) as taking property “from the person of another.” The court had to determine whether the offense had occurred when money was taken from the trousers pocket of one who had placed the trousers under his head as a pillow while he slept. In holding that the offense was not committed, the court recited the history of similar legislation and said “. . . we think . . . that it was in contemplation that the property shall at the time be in some way actually upon or attached to the person, or carried or held in actual physical possession—such as clothing, apparel, or ornaments, or things contained therein, or attached thereto, or property held or carried in the hands, or by other means, upon the person; that it was not intended to include property removed from the person and laid aside, however immediately it may be retained in the presence or constructive control or possession of the owner while so laid away from his person and out of his hands.” (116 Cal. at p. 586.)
We do not have any legislative history to assist us in determining the legislative intent in incorporating the “on his person” concept into section 23122. The language itself is clear, however, and we see no reason to adopt a definition different from that used in McElroy. (Cf. People v. Dunn (1976) 61 Cal.App.3d Supp. 13, 14 [132 Cal.Rptr. 921].) We hold that section 23122 is not violated unless the evidence establishes that the open container of an alcoholic beverage was connected to the person of *Supp. 5 the defendant in the same manner as defined in the quotation from McElroy set forth in the preceding paragraph. In this way we give meaning to all of the language of section 23122 and give effect to the obvious distinction which exists between that section and allied Vehicle Code provisions (§§ 23121, 23123, 23123.5) by virtue of their different criteria.
The People refer us to People v. McCullough (1963) 222 Cal.App.2d 712 [35 Cal.Rptr. 591]. There the issue was the validity of an arrest which occurred after officers had seen open beer bottles on the floor of a car, as well as spilled liquid, and had smelled alcohol. The court said that the officers could reasonably believe that a misdemeanor was being committed in their presence, citing section 23121 (drinking in a motor vehicle) as well as section 23122. The court did not have before it any issue involving the validity of a conviction under section 23122. It did not discuss that statute at all. It did not consider the question presented in this case. “Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.” (Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) For the same reason, People v. Kelley (1969) 3 Cal.App.3d 146, 150 [83 Cal.Rptr. 287] is of no aid to the People.
The judgment is reversed.
Pacht, J., and Ibáñez, J., concurred.

Unless otherwise noted, all section references are to sections of the Vehicle Code.

Appellant argues that, considering the language of section 23122, a conviction under this statute should be based only on direct evidence of a violation (e.g., People v. Superior Court (Acosta) (1971) 20 Cal.App.3d 1085 [98 Cal.Rptr. 161], where the validity of a police stop of an automobile was upheld where an officer saw a vehicle passenger drink from what appeared to be a beer can; People v. Cowman (1963) 223 Cal.App.2d 109, 118 [35 Cal.Rptr. 528]). We decline to so hold. There may be a variety of circumstances, impossible to foresee, where circumstantial evidence might support a conviction.