Opinion
MARCHIANO, J.
Appellant was found guilty of a violation of Vehicle Code section 23223. Appellant contends that the evidence is insufficient to support his conviction.
Summary of Facts
At 10:52 p.m. on Monday, August 21, 1990, Officer Seipert contacted appellant and another person, regarding a disturbance on Redwood Road. Appellant was standing by his Chevrolet pickup truck with another person. Officer Seipert observed two half-full containers of what appeared to be beer on the console of the pickup truck and numerous empty cans on the floor of the pickup truck. The two half-full containers had condensation on the outside, and there was a smell of beer. Officer Seipert cited appellant for violation of Vehicle Code section 23223.
The traffic commissioner found appellant guilty.
Discussion of Law
Appellant contends that the evidence was insufficient for a conviction. The test for sufficiency of the evidence is whether substantial evidence supports the conclusion of the trier of fact. The court must review the whole record in the light most favorable to the judgment below to determine if there is substantial evidence such that a reasonable trier of fact could have found that the prosecution sustained its burden of proving beyond a reasonable doubt that defendant was guilty. (People v. Barnes (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110].)
Vehicle Code section 23223 states that [“n]o person shall have in his or her possession on his or her person, while in a motor vehicle upon a highway, any bottle, can, or other receptacle, containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed.” Appellant contends that the plain language of the statute requires that the open container of alcoholic beverage be in his *Supp. 8 possession on his person. People v. Squadere (1978) 88 Cal.App.3d Supp. 1 [151 Cal.Rptr. 616], a decision from the Appellate Department of the Superior Court of Los Angeles County, agrees with appellant’s interpretation of the statute. That court held that the section is not violated unless the evidence establishes that the open container of alcoholic beverage was literally connected to the person of the defendant.
The legislative history of Vehicle Code section 23223 also supports appellant’s position. Vehicle Code section 23223 was originally introduced by Assemblyman McAllister as part of Assembly Bill No. 516, 1979-1980 Regular Session, a comprehensive bill to fine and punish owners, drivers, and occupants of motor vehicles having an open receptacle for alcoholic beverage or consuming alcohol in a vehicle. As originally introduced in Assembly Bill No. 516, Vehicle Code section 23122.5, the predecessor statute of section 23223, read: “No person shall have in his possession on his person, or immediately accessible to his person, while in a motor vehicle upon a highway, any bottle, can, or other receptacle, containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed.” (Italics added.) During committee hearings, section 23122.5 was amended to delete the phrase “or immediately accessible to his person.”[1]
The bill continued through the Senate and was passed on July 19, 1979, and, as signed by the Governor, read: “No person shall have in his possession on his person, while in a motor vehicle upon a highway, any bottle, can, or other receptacle, containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed.” In 1981, Vehicle Code section 23122.5 was renumbered and became Vehicle Code section 23223 without any change in the language. The Legislature has never broadened the concept of “possession” in Vehicle Code section 23223.
At the same time that Vehicle Code section 23123.5 became section 23223, the companion Vehicle Code sections pertaining to possession of alcohol in a vehicle were reviewed and renumbered, and amendments were made thereto. For example, Vehicle Code section 23224, involving the possession of an alcoholic beverage in a vehicle by persons underage, specifically states that “[n]o passenger in any motor vehicle who is under the age of 21 years shall knowingly possess or have under that person’s control any alcoholic beverage unless the passenger is accompanied by a parent or legal guardian . . . .” The Legislature broadened the concept of who may be punished in Vehicle Code 23224 to include someone under the age of 21 *Supp. 9 who not only knowingly possessed an alcoholic beverage but also had an alcoholic beverage under his control.
The legislative history indicates that the Legislature narrowly defined the concept of possession in Vehicle Code section 23223. In order for an occupant of a motor vehicle to be found guilty of violation of Vehicle Code section 23223, the occupant must have the open receptacle “in his possession on his person while in the motor vehicle.”
Division 11, chapter 12, article 2 of the Vehicle Code contains a comprehensive statutory scheme for offenses involving alcohol and drugs. For example, Vehicle Code section 23220 applies to drinking while driving a motor vehicle upon a highway; Vehicle Code section 23221, drinking in a motor vehicle upon a highway; Vehicle Code section 23222, possession on the person of an open container containing an alcoholic beverage or marijuana while driving a motor vehicle; Vehicle Code section 23223, possession on the person of an open container in a motor vehicle; Vehicle Code section 23224, possession of a alcoholic beverage in a vehicle by a person under the age of 21; Vehicle Code section 23225, storage of an open container in a vehicle; and Vehicle Code section 23226, keeping an open container in the passenger compartment of a motor vehicle, with certain exceptions. In other words, the Legislature has given to law enforcement a number of tools to enforce cases such as the one before us.
For example, Vehicle Code section 23225, in particular, would be applicable to the facts of this case. That code section prohibits the driver of a motor vehicle from keeping in the motor vehicle, when it is upon any highway, any open container containing an alcoholic beverage unless it is kept in the trunk or kept in some other area of the vehicle not normally occupied by the driver or passengers it it is not equipped with a trunk. In addition, Vehicle Code section 23226 prohibits any person from keeping in the passenger compartment, when the vehicle is upon any highway, any container, containing any alcoholic beverage, which has been opened.
Standard of Review
Does the evidence in this case support a conviction for a violation of Vehicle Code section 23223? The trial transcript clearly indicated that the investigating officer did not see an open container on the person in the possession of the defendant. Was there sufficient circumstantial evidence to support the trier of fact’s determination of guilt? On appellate review where the evidence is in substantial conflict, the finding of the judge on issues of fact will not be disturbed. In other words, the judgment is presumed correct and the evidence will not be reweighed by the appellate court *Supp. 10 in the manner of a trial judge on a motion for new trial (see 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3206, p. 3964).
The principle of presumption in favor of a judgment pertains to the sufficiency of circumstantial evidence. Reversal may only occur if upon no rational hypothesis is there substantial evidence to support the judgment (Witkin & Epstein, Cal. Criminal Law, supra, Appeal, § 3206, p. 3965). The test for substantial evidence is whether the evidence is reasonable, credible and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt (id., at § 3205, p. 3964).
Even though the appellate court may itself believe that the circumstantial evidence might be reasonably reconciled with the defendant’s innocence, this, alone, does not warrant interference with the determination of the trier of fact. The relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (People v. Towler (1982) 31 Cal.3d 195, 118 [181 Cal.Rptr. 391, 641 P.2d 1253].)
A review of the transcript in the light most favorable to the judgment reveals reasonable inferences and direct evidence to support the trial court’s finding of guilt. The officer saw the defendant drive onto Redwood Road, stop, and get out of his truck. Two one-half-filled cans of beer, with condensation on the cans, were on the truck console.[2] There were only two persons in the truck, defendant and a passenger. The trier of fact could find by circumstantial evidence that the defendant, while driving, had the open container of beer on his person in his hand and had set it upon on the console upon arriving at Redwood Road. Condensation indicated a freshly opened can of beer. The judgment is affirmed.
Swager, P. J., and Spinetta, J., concurred.
*Supp. 11 Appendix
AMENDED IN ASSEMBLY APRIL 5, 1979
AMENDED IN ASSEMBLY MARCH 15, 1979
CALIFORNIA LEGISLATURE—1979-1980 REGULAR SESSION
ASSEMBLY BILL NO. 516
Introduced by Assemblyman McAlister
February 8, 1979
REFERRED TO COMMITTEE ON TRANSPORTATION
An act to amend Section 1803, 23121, 23122, and 23125 of, and to add Sections 23121.5, 23122.5, and 23123.6 to, the Vehicle Code, relating to vehicles.
LEGISLATIVE COUNSEL’S DIGEST
AB 516, as amended, McAlister (Trans.). Alcohol: vehicle: open containers.
Existing law prohibits any person drinking an alcoholic beverage, or having any open receptacle containing any alcoholic beverage upon his person, while in a motor vehicle upon a highway. It is also generally unlawful for the registered owner or driver of a motor vehicle to keep any open receptacle containing an alcoholic beverage in any part of the passenger compartment of a vehicle upon a highway.
This bill would recast the provisions relating to possession possession of an open container of alcoholic beverage or consumption of alcohol in a vehicle operated upon a highway so as to distinguish (by setting forth in separate Vehicle Code sections) acts by the driver of vehicle and acts by a passenger in a vehicle.
In addition, the bill specifies that driver violations, generally, are a part of the driving record and convictions
*Supp. 12 AB 516 —2—
thereof are required to be reported and that passenger violation and violations for storage of an open container by the driver or a passenger are exempt from the reporting requirements and do not constitute part of the driving record requirements and do not constitute part of the driving record.
Vote: majority. Appropriation: no. Fiscal committee: yes. State— mandated local program: no.

The people of the State of California do enact as follows:

1 SECTION 1. Section 1803 of the Vehicle Code is
2 amended to read:
3 1803. (a) Every clerk of a court, or judge if there be
4 no clerk, in which a person was convicted of any violation
5 of this code, and of any offense involving use or possession
6 of narcotic controlled substances under Division 10
7 (commencing with Section 11000) of the Health and
8 Safety Code, and of any violation of any other statute
9 relating to the safe operation of vehicles shall prepare
10 within 10 days after conviction and immediately forward
11 to the department at its office at Sacramento an abstract
12 of the record of the court covering the case in which the
13 person was so convicted, unless sentencing is not
14 pronounced in conjunction with the conviction in which
15 case the abstract shall be forwarded to the department
16 within 10 days after sentencing, which abstract must be
17 certified by the person so required to prepare the same
18 to be true and correct.
19 For the purposes of this section, a forfeiture of bail shall
20 be equivalent to a conviction.
21 (b) The following violations are not required to be
22 reported under subdivision (a) of this section:
23 (1) Division 3.5 (commencing with Section 9840),
24 (2) Section 21113, with respect to parking violations,
25 (3) Chapter 9 (commencing with Section 22500) of
26 Division 11.
27 (4) Division 12 (commencing with Section 24000),
28 except Sections 24002, 24004, 24250, 24409, 24604, 24800,
29 25103, Chapter 3 (commencing with Section 26301),
30 26707, 27151, 27800, and 27801.
31 (5) Division 15 (commencing with Section 35000).
*Supp. 13 —3— AB 516
1 except Chapter 5 (commencing with Section 35550).
2 (6) Violations for which a person was cited as a
3 pedestrian or while operating a bicycle.
4 (7) Division 16.5 (commencing with Section 38000).
5 (8) Sections 23121.5, 23122.5, 23123, and 23123.6.
6 (c) If the court impounds a license or orders a person
7 to limit his driving pursuant to subdivision (c) of Section
8 40508, the court shall notify the department concerning
9 the impoundment or limitation on an abstract prepared
10 pursuant to subdivision (a) of this section or on a separate
11 abstract, which shall be prepared within 10 days after the
12 impoundment or limitation was ordered and
13 immediately forwarded to the department at its office in
14 Sacramento.
15 SEC. 2. Section 23121 of the Vehicle Code is amended
16 to read:
17 23121. No person shall drink any alcoholic beverage
18 while driving a motor vehicle upon any highway. As used
19 in this chapter, alcoholic beverage shall have the same
20 meaning as in Section 23004 of the Business and
21 Professions Code.
22 SEC. 3. Section 23121.5 is added to the Vehicle Code,
23 to read:
24 23121.5. No person shall drink any alcoholic beverage
25 while in a motor vehicle upon a highway.
26 SEC. 4. Section 23122 of the Vehicle Code is amended
27 to read:
28 23122. No person shall have in his possession on his
29 person, or- immediately accessible -to his-person; while
30 driving a motor vehicle upon a highway, any bottle, can,
31 or other receptacle, containing any alcoholic beverage
32 which has been opened, or a seal broken, or the contents
33 of which have been partially removed.
34 SEC. 5. Section 23122.5 is added to the Vehicle Code,
35 to read:
36 23122.5. No person shall have in his possession on his
37 person, or immediately -accessible to his person, while in
38 a motor vehicle upon a highway, any bottle, can or other
39 receptacle, containing any alcoholic beverage which has
40 been opened, or a seal broken, or the contents of which
*Supp. 14 AB 516 —3—
1 have been partially removed.
2 SEC. 6. Section 23123.6 is added to the Vehicle Code,
3 to read:
4 23123.6. It is unlawful for any person to keep in the
5 passenger compartment of a motor vehicle, when such
6 vehicle is upon any highway, any bottle, can, or other
7 receptacle containing any alcoholic beverage which has
8 been opened, or a seal broken, or the contents of which
9 have been partially removed.
10 This section shall not apply to the living quarters of a
11 housecar or camper.
12 SEC. 7. Section 23125 of the Vehicle Code is amended
13 to read:
14 23125. (a) The provisions of Sections 23121.5 and
15 23122.5 shall not apply to passengers in any bus, taxicab
16 or the living quarters of a housecar or camper nor shall
17 Section 23123 apply to the driver or owner of a bus or
18 taxicab.
19 (b) The provisions of Sections 23121,23121.5, 23122,
20 23122.5, 23123, and 23123.6 shall not apply to any person
21 who, upon the recommendation of a doctor, carries
22 alcoholic beverages in his motor vehicle for medicinal
23 purposes. Such sections shall also not apply to any
24 clergyman who carries alcoholic beverages in his motor
25 vehicle for religious purposes.

See copy of Assembly Bill No. 516 as amended April 5, 1979, attached in an appendix.

 The officer was competent to give lay-opinion testimony regarding the smell of beer from the cans. (Evid. Code, § 800.)