Filed 11/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONTAYE T. HALL,<br><br>    Defendant and Appellant. | A157868<br><br>(San Francisco County<br>Super. Ct. No. SCN230138) |

When defendant Dontaye T. Hall was pulled over for a vehicle-equipment violation in 2018, a police officer observed in the car "a clear plastic baggie" of what appeared to be marijuana. Based on this observation, two police officers searched Hall's car and found a gun in a closed backpack, resulting in criminal charges against Hall. The trial court denied Hall's motion to suppress the evidence found in this search.

Since the passage of Proposition 64 by voters in 2016, however, it has been legal for persons 21 years of age and older to possess and transport small amounts (up to 28.5 grams) of marijuana. (Health & Saf. Code,[1] § 11362.1, subd. (a)(1).) We now join those courts that have held the lawful possession of marijuana in a vehicle does not provide probable cause to search the vehicle. (See *People v. Lee* (2019) 40 Cal.App.5th 853, 865–867 (*Lee*); *People v. Shumake* (2019) 45 Cal.App.5th Supp. 1, 6 (*Shumake*); *People*

---

[1] Further undesignated statutory references are to the Health and Safety Code.

1

*v. Johnson* (2020) 50 Cal.App.5th 620, 634 (*Johnson*); *People v. McGee* (2020) 53 Cal.App.5th 796, 801–802 (*McGee*).)

Under Proposition 64, a driver is not permitted to "[p]ossess an open container or open package of cannabis or cannabis products" (§ 11362.3, subd. (a)(4)), but there was no evidence in this case that the plastic baggie observed by the officers was an "open container." We therefore reverse the order denying Hall's motion to suppress.

## FACTUAL AND PROCEDURAL BACKGROUND

Hall's motion to suppress was heard at his preliminary hearing, where the only witness was San Francisco police officer Steve Colgan, who testified as follows.

*Traffic Stop and Car Search*

Around 11:00 p.m. on September 3, 2018, Colgan and his partner were on duty in a marked patrol vehicle in the area of Capp and 18th Streets when they saw a late model Dodge Charger with a nonoperational license plate lamp. He and his partner initiated a traffic stop, and the car pulled over in a parking lot. Hall was the driver, and there was another occupant in the front passenger seat.

Looking inside the car, Colgan observed in the center console "a clear plastic baggie, inside of which was a green leafy substance," which he believed was marijuana. He also saw in the cup holders "an ashtray filled with ashes," "burnt cigar wrappers, commonly used to wrap marijuana," and "a green leafy substance, that appeared to be broken up" "in the lap of the driver."

Colgan did not see any smoke in Hall's car. Defense counsel asked if he smelled the cigar wrappers to determine whether the smell was consistent with marijuana, and Colgan responded that he did not. The officer was not

otherwise asked about odors emanating from the car or Hall, and he did not mention smelling marijuana (either burnt or unburnt). Nor did Colgan observe any signs indicating Hall was under the influence. Defense counsel asked whether the officer had any information that Hall "was armed and dangerous, or anything like that," before he was pulled over. Colgan answered no, "there was nothing prior on the vehicle or Mr. Hall, that I was aware of."

Colgan and his partner decided to search the car based on the presence of marijuana in the car. He testified, "due to the fact that having an open container of marijuana is a violation of the law, [we determined] that we would search the vehicle to possibly find additional evidence of that crime." Hall and his passenger complied with the officers' commands to get out of the car and sit down nearby. On the floor of the rear passenger's side, Colgan found a backpack with all the compartments "zipped up, or at least most of the way." He opened the main compartment and found a black pistol.

*Argument and Denial of the Motion to Suppress*

Defense counsel argued the officers had no probable cause to search Hall's car after the traffic stop because they had no reason to believe Hall was either armed and dangerous or involved in any criminal activity. The prosecutor responded that the search "was not based on the traffic stop, it was based on seeing a plain view of the apparent open containers of marijuana in the car, which then did justify the search, and the officers might find contraband related to that offense."

Judge Braden C. Woods, acting as magistrate, denied the motion to suppress finding, "[b]ased upon the totality of the circumstances and the evidence in this case, . . . the officers did act reasonably during each step of the process." The magistrate reasoned that persons are not permitted to

3

possess open containers of cannabis or cannabis products or to smoke or ingest cannabis or cannabis products while driving. (See § 11362.3, subds. (a)(4) and (7).)

*Denial of Motion to Set Aside the Information and Disposition*

Hall was held to answer on two felony weapons counts and an infraction. By information, he was charged with carrying a loaded firearm in a public place (Pen. Code, § 25850, subd. (a)), carrying a concealed firearm in a vehicle, (*id.*, § 25400, subd. (a)(1)), and having no license plate lamp, an infraction (Veh. Code, § 24601). Hall moved to set aside the information under Penal Code section 995, renewing his argument that the search of his car violated the Fourth Amendment. The trial court (Hon. Eric R. Fleming) denied the motion.

The parties then reached a plea agreement. Hall entered a plea of no contest to a single misdemeanor firearm offense (carrying a loaded firearm, Pen. Code, § 25850, subd. (a)), the remaining charges were dismissed, the trial court suspended imposition of sentence, and Hall was placed on probation for three years, with six months to be served in county jail.

## DISCUSSION

A.  *The Automobile Exception to the Warrant Requirement*

The Fourth Amendment of the United States Constitution protects against "unreasonable searches and seizures" and generally requires a warrant before an officer may conduct a search. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. U.S.* (1967) 389 U.S. 347, 357, fn. omitted.)

One such exception to the warrant requirement is the automobile exception, under which an officer may search a vehicle without a warrant so

4

long as the officer has probable cause to believe the vehicle contains contraband or evidence of a crime. (*Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1225.) "Probable cause is a more demanding standard than mere reasonable suspicion." (*Lee, supra*, 40 Cal.App.5th at p. 862.) Probable cause exists when "the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." (*Ornelas v. U.S.* (1996) 517 U.S. 690, 696.)

The prosecution bears the burden of establishing an exception applies. (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1213.)

B.     *Standard of Review*

" '[I]n proceedings under [Penal Code] section 995 it is the magistrate who is the finder of fact; the superior court . . . sits merely as a reviewing court; it . . . cannot substitute its judgment as to the credibility or weight of the evidence for that of the magistrate. [Citation.] On review by appeal or writ, moreover, the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate.' " (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

Thus, we disregard the lower court's rationale for denying the motion to set aside the information and directly review the court's ruling at the preliminary hearing denying Hall's motion to suppress.

"We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.) We determine probable cause considering the totality of the circumstances. (*Johnson, supra*, 50 Cal.App.5th at p. 625.) We may affirm

5

the ruling if it is correct on any theory, even if the trial court's reasoning was incorrect. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.)

C.  *Analysis*

The Attorney General contends probable cause existed to search Hall's car, first, because observation of marijuana inside a vehicle always justifies a search of the entire vehicle and, second, because the marijuana in this case was in an "open container" in violation of law.  We consider each of these asserted grounds for probable cause to conduct the search.

1.  <u>Marijuana in the Car Did Not Justify the Search</u>

The Attorney General claims, "An officer who observes that a vehicle contains marijuana is entitled to search the vehicle to determine whether the defendant in fact possesses the marijuana for personal use and has adhered to legal limits or has additional quantities stashed in other parts of the car."

Under section 11362.1, subdivision (a)(1), enacted as part of Proposition 64, it is lawful for persons 21 and older to possess and transport up to 28.5 grams of cannabis.  Subdivision (c) of the statute (§ 11362.1(c)) further provides, "[c]annabis and cannabis products involved in any way with conduct deemed lawful by this section *are not contraband* nor subject to seizure, and *no conduct deemed lawful by this section shall constitute the basis for* detention, *search*, or arrest."  (Italics added.)  Thus, under the plain language section 11362.1(c), the lawful possession of marijuana in a vehicle, by itself, cannot justify a warrantless car search.

We are not the first court to consider Proposition 64's effect on the probable cause determination when an officer notices marijuana in a vehicle during a traffic stop.  In *Lee*, Division One of the Fourth District Court of Appeal rejected the argument that evidence the defendant had marijuana in

6

his pocket, along with other circumstances,[2] established probable cause to search his vehicle after a traffic stop. (*Lee*, *supra*, 40 Cal.App.5th at pp. 857, 861–862.) The *Lee* court observed, "The recent legalization of marijuana in California means we can now attach fairly minimal significance to the presence of a legal amount of the drug on [the defendant]'s person," and concluded the remaining circumstances were insufficient to establish probable cause. (*Id.* at p. 861.) The court explained that the presence of a lawful amount of marijuana in a vehicle cannot, by itself, justify an officer's search for *more* marijuana on the theory that if a person has a lawful amount of marijuana, there may be a greater, unlawful amount of marijuana in the person's car. Instead, "there must be evidence—that is, *additional* evidence beyond the mere possession of a legal amount—that would cause a reasonable person to believe the defendant has more marijuana. And it would be incorrect to say that California's legalization of marijuana is of no relevance in assessing whether there is probable cause to search a vehicle in which police find a small and legal amount of the drug." (*Id.* at p. 862.)

*Shumake*, *supra*, 45 Cal.App.5th Supp. 1, an appellate division decision, is also instructive. There, the defendant was pulled over for a license plate violation, and an officer noticed "a strong smell of marijuana, both fresh and 'freshly burnt' " as she approached the car. The defendant said he had " 'some bud' in the center console." The officer found 1.14 grams

---

[2] In *Lee*, the People argued the following circumstances taken together established probable cause to believe evidence of illegal activity would be found in the vehicle of the defendant, Lee: "(1) the marijuana in Lee's pocket; (2) Lee's affirmative response when Officer Robles asked if he delivered medical marijuana; (3) the 'wadded-up' $100 to $200 cash in his pocket; (4) the additional $10 in cash in the center console; and (5) the manner in which Lee 'tensed' as Robles handcuffed him and led him to the patrol car." (*Lee*, *supra*, 40 Cal.App.5th at p. 862.)

of marijuana bud in the console and then searched the entire vehicle, finding a loaded pistol under the driver's seat. (*Id*. Supp. at p. 4.)

The appellate division panel rejected the argument that the discovery of a legal amount of marijuana in the console provided probable cause to search the entire car for additional marijuana: "[T]his inference violates California law. Health and Safety Code Section 11362.1 states that 'no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest.' [The defendant]'s container with 1.14 grams of loose cannabis flower is far below the 28.5 grams permitted by law. As [the defendant] was lawfully transporting the marijuana, *that marijuana could not then serve as the basis for the search of [his] car*." (*Shumake, supra,* 45 Cal.App.5th Supp. at p. 6, italics added.)

The *Shumake* court also rejected the People's argument that the smell of marijuana coupled with the defendant's statement that there was marijuana in the console established probable cause to search the entire car. (*Shumake, supra,* 45 Cal.App.5th Supp. at p. 7.) Analogizing marijuana to alcohol,[3] the court explained that the officers could have investigated further by, for example, asking the defendant about how much marijuana he possessed, whether it was in a container, where it was located, and when he last smoked. Such questions would be "consistent with the type of reasonable inquiry officers use when they smell alcohol in a car." (*Shumake, supra,* 45 Cal.App.5th Supp. at p. 8.) But these facts (the smell of marijuana plus the statement that there was " 'some bud' " in the console) could not justify the search of defendant's car. (*Ibid*.)

---

[3] It is illegal to drive under the influence of any drug, just as it is illegal to drive under the influence of alcohol. (Veh. Code, § 23152, subds. (a) and (f).)

Similarly, in *Johnson, supra*, 50 Cal.App.5th at page 629, the Third District Court of Appeal recognized, "Now that individuals age 21 or older may lawfully possess and transport up to 28.5 grams of marijuana," it is no longer the case that "the observation of *any* amount of marijuana provides probable cause to search a vehicle." (See also *McGee, supra*, 53 Cal.App.5th at p. 802 [recognizing section 11362.1(c) means "the mere presence of a lawful amount of marijuana" is not sufficient to establish probable cause to search under the automobile exception].) The *Johnson* court further held that "the odor of marijuana alone no longer provides an inference that a car contains contraband because individuals over the age of 21 can now lawfully possess and transport up to 28.5 grams of marijuana. (§ 11362.1, subd. (a)(1).)" (*Johnson supra*, at p. 634.)

Here, Officer Colgan testified he saw a clear plastic baggie containing a green leafy substance in the center console of Hall's car. There was no testimony about the weight of the baggie and no description of the baggie from which one could reasonably infer that it contained over 28.5 grams of marijuana. Thus, there was no evidence to support a belief that Hall had an unlawful amount of marijuana in his car. Nor did Colgan suspect that Hall was driving under the influence of marijuana. Following the reasoning of *Lee*, *Shumake*, *Johnson*, and *McGee*, we conclude Colgan's observation of a not-unlawful amount of marijuana in Hall's car did not establish probable cause to believe contraband or evidence of a crime would be found in the car.

In support of his position that there was probable cause to search Hall's automobile, the Attorney General cites *People v. Fews* (2018) 27 Cal.App.5th 553 (*Fews*), *People v. Steele* (2016) 246 Cal.App.4th 1110, *People v. Waxler* (2014) 224 Cal.App.4th 712 (*Waxler*), and *People v. Strasburg* (2007) 148 Cal.App.4th 1052 (*Strasburg*). We agree with the many appellate courts that

9

have concluded *Waxler* and *Strasburg* are of little persuasive value because they pre-date the enactment of Proposition 64 and, in particular, section 11362.1(c), which fundamentally changed the probable cause determination by specifying lawfully possessed cannabis is "not contraband" and lawful conduct under the statute may not " 'constitute the basis for detention, search or arrest.' " (See *Johnson, supra*, 50 Cal.App.5th at pp. 628–629 [finding *Waxler* and *Strasburg* not pertinent to analysis of whether the smell of marijuana and a plastic baggie of two grams of marijuana in plain view justified search of a car because the subsequent passage of section 11362.1(c) "definitively affects probable cause determinations"]; *Lee, supra*, 40 Cal.App.5th at pp. 864–865 ["*Waxler* relied heavily on the fact that any amount of nonmedical marijuana remained *contraband*," which is no longer the case under section 11362.1(c); Proposition 64 "similarly appear[s] to undercut much of *Strasburg*'s probable cause analysis"].)[4]

*Fews* was decided after Proposition 64 was enacted, but it is easily distinguishable on its facts. In that case, officers observed an SUV with expired registration being driven in a suspicious manner; the driver failed to comply with officer commands and had a half-burnt rerolled cigar that an officer believed contained marijuana; officers smelled " 'recently burned marijuana emanating from' " both the driver and the SUV; and the

---

[4] *People v. Steele, supra*, 246 Cal.App.4th at page 1120, decided before section 11362.1 was enacted, cited *Waxler* and *Strasburg* for the proposition that an officer could prolong the detention of the defendant to investigate and lawfully search the defendant's car after smelling marijuana coming from the defendant's car and seeing marijuana on the back seat. The issues presented in that appeal, however, related to whether the initial contact between officers and the defendant was consensual and whether the officers had reasonable suspicion to detain the defendant, not whether there was probable cause to search the defendant's car. (*Id.* at p. 1115.)

passenger, defendant Fews, made " 'furtive' movements," continuously moving his lower body and fidgeting inside the SUV. (*Fews, supra,* 27 Cal.App.5th at p. 557.) Further, the traffic stop was in an area "known for narcotics sales and use, and numerous shooting and stabbings in the area were related to narcotics." (*Id.* at pp. 557–558.) Fews wore multiple layers of baggy clothing, and the officers decided to pat search him "because of the high-crime area they were in, Fews's fidgeting in the vehicle, the possibility that Fews's baggy clothing could conceal a weapon, and the fact that the officers 'were going to be conducting a search of the vehicle at which point it would be one officer watching the two subjects and the other officer with his back turned to the vehicle.' " (*Id.* at p. 558.) An officer found a loaded semiautomatic gun in Fews's jacket. (*Ibid.*)

Fews challenged the pat search, arguing that under Proposition 64, a person's mere possession of a small amount of marijuana is no longer enough to establish probable cause to believe the person is armed or engaged in criminal activity. (*Fews, supra,* 27 Cal.App.5th at p. 561.) But our colleagues in Division One concluded the facts known to the officers, which included many additional circumstances beyond the possession of a small amount of marijuana, justified the pat search. The court reasoned, "[T]he odor and presence of marijuana in a vehicle being driven in a high-crime area, combined with the evasive and unusual conduct displayed by Fews and [the driver] . . ., were still reasonably suggestive of unlawful drug possession and transport to support the *Terry*[5] frisk." (*Id.* at p. 561.) The court also concluded the search of the SUV was supported by probable cause: "Driving a motor vehicle on public highways under the influence of any drug [citation] or while in possession of an open container of marijuana [citations] are not acts

---

[5] *Terry v. Ohio* (1968) 392 U.S. 1.

'deemed lawful' by section 11362.1. . . . Here, the evidence of the smell of 'recently burned' marijuana and the half-burnt cigar containing marijuana supported a reasonable inference that [the driver] was illegally driving under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana." (*Id*. at p. 563.)

In contrast, in Hall's case there was no evidence the traffic stop occurred in a dangerous area known for drug sales, no odor of recently burnt marijuana (or of any marijuana at all), and no suspicious conduct by Hall or his passenger. Colgan testified he had no information suggesting Hall was armed or involved in criminal activity. That there was probable cause for the searches in *Fews* does not mean the search of Hall's car under very different known facts and circumstances was justified. In short, we reject the proposition that the officer's observation of an apparently lawful amount of marijuana in Hall's car justified the search in this case.

2.     There Was No Substantial Evidence of an "Open Container"

Next, the Attorney General argues the search in this case was justified because Hall was observed in "possession of an open container of marijuana," citing section 11362.3, subdivision (a)(4). Section 11362.3 describes conduct *not* legalized by Proposition 64, and subdivision (a)(4) provides, "Section 11362.1 does not permit any person to" "[p]ossess an open container or open package of cannabis or cannabis products while driving, operating, or riding in the passenger seat or compartment of a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation."

In the hearing on Hall's motion to dismiss in the trial court, the prosecutor argued, "The People believe that the legislature in designating an open container to be unlawful meant anything other than a sealed container such as one that would be purchased in a marijuana dispensary or what-

12

have-you." Defense counsel observed, "[T]here are no facts to suggest that it was open or closed."

Denying Hall's motion to dismiss, Judge Fleming stated, "[W]e would assume it should be some type of permanent seal. I'm not saying that is what the legislation requires but it has to be—talking about an open container, it should be something more than just taking apart a plastic baggie. A kid can reach in and take apart a plastic baggie. [¶] So the Court is going to find the officers—this was an open container."

On appeal, Hall argues Judge Fleming incorrectly interpreted "open container" for purposes of section 11362.3, subdivision (a)(4), to require some type of permanent seal. Hall's position finds support in *Johnson, supra,* 50 Cal.App.5th 620. There, the Court of Appeal held a "plastic bag [that] was knotted at the top" was not "open" and, thus, there was no violation of section 11362.3, subdivision (a)(4), to support probable cause to search the defendant's car. (*Id.* at pp. 624, 634.)

The Attorney General counters that an "open container" is any receptacle containing cannabis or cannabis products "which has been opened or has a seal broken," relying on the language of Vehicle Code section 23222.[6]

---

[6] Vehicle Code section 23222, subdivision (b)(1), provides, "Except as authorized by law, a person who has in their possession on their person, while driving a motor vehicle upon a highway or on lands . . ., *a receptacle* containing cannabis or cannabis products, as defined by Section 11018.1 of the Health and Safety Code, *which has been opened or has a seal broken*, or loose cannabis flower not in a container, is guilty of an infraction punishable by a fine of not more than one hundred dollars ($100)." (Italics added.)

13

Hall responds, first, that the prosecutor never argued probable cause was supported by an alleged violation of Vehicle Code section 23222[7] and, second, that the statute does not apply because the plastic baggie in this case was not found "on [Hall's] person" as required under Vehicle Code section 23222, subdivision (b)(1).

We reject the Attorney General's theory of probable cause based on Vehicle Code section 23222. Assuming for the sake of argument the Attorney General may rely on a possible violation of this statute to justify the search (even though the prosecution did not argue this theory and the magistrate did not rely on this statute), there was no substantial evidence in this case of such a violation. Initially, we agree with Hall's defense counsel at the hearing on the motion to dismiss—there simply was no evidence about the condition of the plastic baggie. Colgan's entire testimony on the container of marijuana in Hall's car was as follows: "I observed a clear plastic baggie, inside of which was green leafy substance. Based on my training and experience, I believed it to be marijuana." The officer offered no description of the state of the plastic baggie. For all we know, the baggie was purchased from a dispensary and had never been opened, or it may have been vacuum sealed; Colgan, after all, did not smell any marijuana in the car. Furthermore, as Hall points out, no evidence was presented that the baggie of marijuana was "in [Hall's] possession on [his] person" as required for a

---

[7] Our Supreme Court has "cautioned that appellate courts should not consider a Fourth Amendment theory for the first time on appeal when 'the People's new theory was not supported by the record made at the first hearing and would have necessitated the taking of considerably more evidence . . . .' or when 'the defendant had no notice of the new theory and thus no opportunity to present evidence in opposition.' " (*Robey v. Superior Court*, *supra*, 56 Cal.4th at p. 1242.)

14

violation of Vehicle Code section 23222, subdivision (b)(1), and, in fact, the evidence was to the contrary. (See *People v. Squadere* (1978) 88 Cal.App.3d Supp. 1, 4 [insufficient evidence open beer bottles found in a car were " 'in his possession on his person' " of defendant to support conviction under Vehicle Code section 23222]). The prosecution had the burden to prove probable cause, and it failed to establish a violation of Vehicle Code section 23222.

Finally, the Attorney General appears to assert that even if the plastic baggie was not an open container, "the loose marijuana on the center console and in [Hall]'s lap was not in any container," establishing probable cause to search. Hall responds that there was no evidence of a usable quantity on his lap or in the console, citing *People v. Leal* (1966) 64 Cal.2d 504, 512, in which the Supreme Court recognized that evidence of "possession of traces of narcotics" without a showing that "such residue was usable for sale or consumption" is insufficient to uphold a conviction for drug possession. Hall also relies on *People v. Thomas* (1966) 246 Cal.App.2d 104, in which an officer "shook out the pocket debris" of defendant Thomas's shirt and saw what looked like " 'fragments of marijuana.' " (*Id*. at p. 107.) The appellate court reversed Thomas's conviction of marijuana possession, reasoning: "[T]he principle 'de mininis non curat lex'[8] is applicable even to this serious accusation, and the Supreme Court has indicated that the finding alone of minuscule amounts of marijuana debris, such as were shaken from Thomas' shirt, do not warrant a conviction." (*Id*. at p. 112.)

Officer Colgan testified there was ash in the cupholders, and "in the lap of the driver I observed a green leafy substance, that appeared to be broken

---

8 "[T]he maxim de minimis non curat lex . . . means '[t]he law does not concern itself with trifles.' " (*Troester v. Starbucks Corp*. (2018) 5 Cal.5th 829, 835.)

up, I believed to be marijuana." When the officers searched Hall's car, they seized the clear plastic baggie and "some remnants of suspected marijuana from the ashtray," but the substance on Hall's lap "fell off somewhere at the scene during the course of the investigation."[9] Nothing in the record indicates the magistrate considered the ash, "remnants," and/or the substance on Hall's lap to constitute either an "open container or open package of cannabis or cannabis products" under section 11362.3, subdivision (a)(4) or "loose cannabis flower not in a container" under Vehicle Code section 23222, subdivision (b)(1). (See fn. 6, *ante*.) During the traffic stop, Colgan did not smell marijuana—either burnt or unburnt, Hall complied with officer commands, and, most significantly, Colgan did not suspect Hall of driving under the influence. Considering the totality of the circumstances known to the officers during the traffic stop, we conclude there was no probable cause to justify the search of Hall's car.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to set aside its order denying the motion to suppress, enter an order granting the motion, allow defendant to move to withdraw his plea, and conduct further proceedings consistent with this opinion.

---

[9] Three exhibits were admitted in evidence at the preliminary hearing, but none related to the marijuana found in Hall's car. They were photos of Hall's car, photos of the backpack and firearm found inside, and a "Certification of Firearm History."

16

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Richman, J.




A157868, *People v. Hall*


17

Court:  San Francisco County Superior Court

Trial Judge:  Hon. Brandon C. Woods, Hon. Eric R. Fleming, Hon. Christopher C. Hite

Walter K. Pyle, under appointment of the Court of Appeal, for Defendant and Appellant

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Eric D. Share, Ashley Harlan, Deputy Attorneys General, for Plaintiff and Respondent

A157868, *People v. Hall*